#### OF THE

## STATE OF CONNECTICUT,

##### IN JUNE TERM, 1814.

———— :::::: ✣ :::::: ————

The town of CANAAN *against* The GREENWOODS TURNPIKE
COMPANY :

#### IN ERROR.

THE Turnpike Company brought their complaint be- <span style="float:right">A turnpike</span>
fore the county court for *Litchfield* county against the company are
town of *Canaan,* alleging that within said town there are competent
to bring a
complaint
on the stat. *tit.* 29. *s.* 7. against a town for the repair of bridges on the company's road.

The *Greenwoods turnpike company* brought a complaint before the county court against the town of *C.* upon the stat. *tit.* 29. *s.* 7. for the repair of two bridges on the company's road in that town, and obtained a decree finding it to be the duty of the town to repair the bridges, and ordering the town to repair them accordingly, by a specified time, and thereafter to keep them in repair. In 1808 the company brought another similar complaint against the town for the same cause, and obtained a similar decree. A third complaint being afterwards pending between the same parties, it was held that the former decrees were conclusive evidence of the duty of the town to repair and maintain the bridges.

The principle upon which the stat. *tit.* 166. *c.* 2. *s.* 3. proceeds, is, that the act of building and repairing bridges by a turnpike company is a practical construction of their grant, thereby assuming them as their own, and waiving all claim against the town. If, therefore, a turnpike company originally built any bridges on their road claiming them to belong to the town, and afterwards kept up such claim against the town, the statute as to such bridges does not apply.

The statute applies only to cases which were dubious and liable to be contested at the time it was passed, and not to cases in which the right and duty had been previously settled by legal adjudications.

The company can be bound by such a practical construction only as they have uniformly made of their grant down to the time when the statute was enacted.

*Hartford,*
June, 1814.

Canaan
*v.*
Greenwoods
Turnpike
Company.

two bridges on their turnpike road over rivers upon which it is, and ever hath been by law the duty of the town to build and maintain bridges ; that said bridges are ruinous and out of repair ; and that said town, though requested, wholly neglected and refused to repair them ; and praying the court to order that said town should forthwith make all needful repairs thereon. In their complaint the company further stated, that in the year 1806, they brought a former complaint against said town, stating that said bridges were then out of repair, that it was the duty of the town to make and repair them, and praying for an order accordingly ; that on trial the court then found the facts in said complaint true ; and that it was the duty of said town to build, maintain, and keep said bridges in repair ; and made their order and decree, that said town should, by the first day of April then next, *and thereafter,* maintain and keep said bridges in good and sufficient repair. And said company further stated, that afterwards in the year 1808, they brought another complaint, stating that said bridges were then out of repair, averring, as before, that it was the duty of said town to repair them, and praying for relief ; and that said court, on trial of the last mentioned complaint, found all the facts stated therein true and proved ; and again adjudged, that it was by law the duty of the town to build and maintain said bridges, and made their order and decree thereon accordingly.

The petition and complaint now in question came before said court at their sessions in *September,* 1811. The town of *Canaan* appeared, and entered their plea and answer to the petition. They first recited the act of incorporation of the turnpike company, passed in *October,* 1798, which contains no provision relative to the building, maintaining or repairing of any bridges on the road ; and then they averred, that in pursuance of said act, the company in the year 1799, made and completed said road, built both of said bridges, and kept the same in repair at their own sole expense, and for their sole use and benefit, till the year 1806. They denied that there was any record of the judgment and decree stated, as passed in 1808 ; and demurred to the residue of the complaint. The company in their replication affirmed, that there was such a record, averred that their complaint

was sufficient, and demurred to the residue of the plea. The respondents joined in the demurrer.

*Hartford,*
June, 1814.

Canaan
*v.*
Greenwoods
Turnpike
Company.

The court found that there was such a record as alleged in the complaint; they adjudged that part of the complaint to which the respondents demurred to be sufficient in the law; and that part of the plea to which the petitioners demurred to be insufficient. And having also enquired into the several matters and things in said complaint alleged, and fully heard the parties thereon, they found all the allegations in the complaint to be true; and that it was by law the duty of the town of *Canaan* to keep and maintain said bridges in good and sufficient repair; and made their order thereon accordingly.

From this judgment and decree of the county court the respondents brought their writ of error before the superior court in *Litchfield* county, at *August* term, 1812. The superior court adjudged, that in the judgment referred to, there was nothing erroneous. Upon this adjudication of the superior court the present writ of error is brought.

*N. B. Benedict* for the plaintiffs in error. 1. The judgment of the court below proceeded on the ground that the decrees of the county court in 1806 and 1808 were conclusive evidence of the liability of the town. I contend, that those decrees were not evidence of any sort to support this complaint. First, it is not competent to a corporation to bring a complaint against a town for not repairing bridges, the statute having given such right only to some *person* or *persons*. *Tit.* 29. *s.* 7.

Secondly, admitting the competency of the turnpike company to bring the complaint, yet as it is in the nature of a public prosecution for a public injury, the prosecutor cannot thereby acquire the rights of a party to a private suit. If the former decrees are evidence in favour of the turnpike company, they are equally so in favour of every man in the community.

Thirdly, the former complaints and decrees regarded specific grievances which existed at the time. They have spent their force, and their object has been attained. The present complaint regards a new and distinct grievance. The cause of action is not the same.

*Hartford,*
June, 1814.

Canaan
*v.*
Greenwoods
Turnpike
Company

Fourthly, the decrees were not admissible on the ground that the matter in dispute was a question of public right. The rule alluded to is applicable only where the grant from which the right is supposed to be derived is unknown; and in that case, even *reputation* is evidence. *Reed* v. *Jackson,* 1 *East* 357. But here the rights and duties of the parties are prescribed by the statute, and the act of incorporation recited in the record. Can they be better ascertained by resorting to a decree of the county court?

2. The former decrees of the county court being out of the question, the statute of *May,* 1807,(*a*) applies. The act of incorporation is silent as to the building and repairing of bridges; and the turnpike company built the bridges in question. Consequently, the liability to repair them is conclusively fixed upon the turnpike company. And here it may be admitted, that the decrees of the county court were evidence; yet as the statutory evidence in question is *conclusive,* it would be of no avail. The highest possible degree of evidence would not justify a finding in opposition to evidence which has by statute been declared conclusive.

*Gould,* for the defendants in error, after making some preliminary observations as to the general liability of towns to repair bridges, contended, 1. That the turnpike company had a right to bring the complaint in question. Any party injured by the violation of a public statute may prosecute upon it. This company had a direct and substantial interest in the maintenance of the bridges on their road; it was the duty of the town, by virtue of a public statute, to maintain them, and in case of neglect, the same statute prescribed a mode of redress; the interest of the company, by the neglect of the town, had been defeated; and the remedy resorted to was the one, and the only one, which the statute prescribed. The right of turnpike companies to institute and sustain such a proceeding, is supported by the uniform usage of the county courts, and has been sanctioned by repeated decisions of the superior court.

Further, the proceeding in question is in the nature of a *civil* action to obtain redress for a private wrong; and this at once evinces the competency of the company to bring the

(*a*) *Tit.* 166. *c.* 2. *s.* 3. recited in 4 *Day's Ca.* 200. *n.*

complaint, and shews that the decree must afterwards have the same effect between the same parties as other judgments in civil actions.

*Hartford,*
June, 1814.

Canaan
*v.*
Greenwoods
Turnpike
Company.

2. The decrees of the county court in 1806 and 1808, while they remain in force, are conclusive evidence of the liability of the town. Those decrees were passed by a court of competent jurisdiction; the precise point now in question was there adjudicated upon and settled; and the parties are the same. Whether the county court erred in making the decrees cannot be enquired into in this case.

3. The act of *May,* 1807, does not apply. The turnpike company have always resisted their own liability to maintain these bridges, and have kept up a continual claim against the town. They have given no practical construction of their grant against themselves.

Further, the decree of the county court in 1808 was passed since the statute; and in that decree, which has never been reversed, this point, as well as the general question of liability, must have been adjudicated upon.

Again, this case does not come within the statute, because it does not appear that these bridges were built in pursuance of any vote of the company. Agents not authorized by a vote of the company could do no act to bind the company.

TRUMBULL, J. [After stating the case.] The decision of this case depends on the construction of our own statutes respecting bridges and turnpike roads.

The general statute respecting bridges enacts, " That the inhabitants of the several towns in this state shall make, build, keep and maintain in good and sufficient repair, all the needful highways and bridges within their respective townships; unless it belongs to any particular person or persons to maintain such bridge in any particular case." *Tit.* 29. *s.* 1. There can be no doubt but these bridges come within the purview of this act, and that it is the duty of the inhabitants of the town of *Canaan* to build and maintain them, unless they can throw the burden on some other person according to the proviso.

Nor can any doubt arise as to the sufficiency of the complaint. By the same statute, when the inhabitants of any town shall neglect or refuse to repair any bridge, across a

*Hartford*,
June, 1814.

Canaan
*v.*
Greenwoods
Turnpike
Company.

river in a public highway within the bounds of such town, whereby the public travel is obstructed or incommoded, on complaint thereof to the county court by any person or persons, said court is empowered and directed to enquire and adjudicate upon the same. Should the whole that is stated relative to the former applications, judgments and orders, be rejected as surplusage, sufficient allegations would remain in the complaint to warrant the court in sustaining it, and proceeding to final hearing and adjudication.

The first question which arises in this case, is, whether the decisions of the county court, in 1806 and 1808, are conclusive between the parties, and thereby the respondents are in law estopped to deny, that it is the duty of the town of *Canaan* to maintain and repair said bridges.

On both the former complaints, the same point was in issue as in the present, *viz.* whether it is the duty of the town of *Canaan* to maintain and keep these bridges in repair ; in both, the court adjudged that the duty by law is fixed upon the town ; both judgments are in force and unreversed ; and the parties in all the cases are the same.

It is agreed, that a judgment of court which settles a right or interest, title or duty, is conclusive between the same parties, so long as it remains unreversed and in force on the record ; unless it can be shown, that since the passing of the judgment, the right or duty of the parties has been altered and varied by some subsequent transaction or occurrence. To cite, authorities as to this point, however easy, is unnecessary.

But it has been urged, that in this kind of process, the complainant is not properly a party ; that the right of entering the complaint is given to all persons, whether they have any interest in the decision of the question, or not ; and that a corporation, or incorporated company, cannot be a common informer.

I agree, that this turnpike company cannot be admitted to prosecute merely as a common informer, and that they have no right to complain of the insufficiency of bridges on any other road than their own. But they have a direct interest in the support of those bridges ; it is on the ground of their interest only, that they have a right to sustain their complaint ; and on account of that interest, they are as much

a party in this kind of process, as if contending in an action at law, or a petition in chancery. But I shall by no means concede, that these adjudications are not conclusive on the respondents, as to their duty to maintain these bridges, and decisive against them, whenever the same question arises in any court, whether they are litigating with the same parties or others. Their duty has become *res adjudicata*, and cannot again be called in question.

A judgment, decree, sentence or order, passed by a court of competent jurisdiction, which transfers, creates or changes a title, or any interest in estate real or personal, or which settles and determines a contested right, or which fixes a duty on one of the parties litigant, is not only final as to the parties themselves and all claiming by or under them, but furnishes conclusive evidence to all mankind, that the right, interest or duty belongs to the party to whom the court adjudged it. It is admissible evidence in favour of any person, who may be interested to prove the existence of such right or duty as a fact. A record imports absolute verity, and is conclusive as to every point directly decided, and every material fact expressly found. No evidence can be admitted to impugn or contradict it, so long as it remains in force and unreversed.

A title to real estate by judgment in a court of law, or transfer by decree of chancery, is as valid against all mankind, as a title by deed, will or descent. A recovery of damages in trover vests the property of the articles converted in the defendant. *Adams* v. *Broughton*, 2 *Stra.* 1078.

Indeed, a recovery in value in any personal action, as book-debt, assumpsit, trespass, &c. has the same effect in transferring the property.

So a title to land may be acquired by estoppel on record. *Trevian* v. *Lawrence & al.* 1 *Salk.* 276. "A man may be estopped by verdict on record; as in trespass, if the defendant prescribes for common, and the plaintiff traverses the prescription, the defendant may say that in a former action by the plaintiff against the defendant the same prescription was found against the plaintiff." *Com. Dig. tit.* Estoppel, A.

Every matter of estoppel may be given in evidence, and when so given, if the jury find contrary thereto, the verdict

*Hartford*,
June, 1814.

Canaan
*v.*
Greenwoods
Turnpike
Company.

Hartford,
June, 1814.

Canaan
v.
Greenwoods
Turnpike
Company.

is bad.   7 *Bac. Abr. tit.* Verdict, U.   *Iseham* v. *Morrice,* *Cro. Car.* 110.

Where the estoppel is of such a nature as creates an interest in, or works upon the estate of the land, the court and jury, as well as the parties, are bound by it; the jury cannot find a verdict against it; it runs with the land into whose hands soever the land comes; and an ejectment is maintainable on the mere estoppel.   *Trevian* v. *Lawrence,* 2 *Ld. Raym.* 1051.   S. C. 1 *Salk.* 276.   S. C. 3 *Salk.* 151.   S. C. 6 *Mod.* 256.   *Holman* v. *Hore,* 3 *Salk.* 152.

The sentence of a court of admiralty in a case of prize is conclusive on all mankind as to all matters expressly found and points directly decided in it [*Doug.* 554.]—not (as is sometimes alleged) on the ground that all men are actually parties in the trial, which is a technical fiction and impossible in fact, but because the decree of that court operates *in rem,* and according to the established law of nations, effects a transfer of the property; and because no other court can re-examine the truth of the facts it expressly finds, or reverse its decrees.   So the decrees of chancery, and of the exchequer court, are equally conclusive when given *in rem.*   *Stewart* v. *Warner,* 1 *Day's Ca.* 142.

So also the decree of a court of probate is conclusive on all persons concerned, whether they are actually parties to the decree or not.   *Goodrich* v. *Thompson,* 4 *Day's Ca.* 221.

So is the sentence of the spiritual court in a cause within its jurisdiction.   A matter which has been directly determined by their sentence cannot be gainsaid; their sentence is conclusive, and no evidence shall be admitted to prove the contrary; but this is to be intended only in the point directly tried, and not of any collateral matter, collected from their sentence by inference.   *Blackham's* case, 1 *Salk.* 290.

A county court in this state is not only established as a court of common pleas, but is vested, by our statutes, with all the powers of a court of general sessions of the peace.   Its authority in case of roads and bridges properly belongs to that jurisdiction; the process is according to the forms of that court; and the complaint is not in the nature of a civil action.

But the orders of a court of sessions are conclusive of a

right, so long as they remain in force, that is, until they are quashed or superseded.

*Hartford,*
June, 1814.

Canaan
*v.*
Greenwoods
Turnpike
Company.

"If a man be adjudged the father of a bastard child, it is an estoppel to him, and all men, to say the contrary, but any man may aver that he is the father." 3 *Salk.* 261.

"An order by two justices for the removal of a pauper, if reversed by the sessions on appeal, is conclusive between the two contending parishes, and forever settles the question as to them, that the parish to which he was sent is *not* the place of his settlement ; but if the order be confirmed, it is conclusive as to all persons, it is an adjudication that it *is* the place of his legal settlement, and that parish is forever estopped to say the contrary, and the order is final and conclusive as to all the world." This point is directly adjudged in *Swanscomb* and *Shensfield*, 2 *Salk.* 492., in *Harrow* and *Ryslip*, 2 *Salk.* 524., S. C. 3 *Salk.* 261., S. C. 5 *Mod.* 416., in *Mynton* and *Stony Stratford*, 2 *Salk.* 527., in *Little Bitham* and *Somerby*, 1 *Stra.* 232., and in many other reports too numerous to be quoted.

See the opinions given by this court as to the effect of a record when admitted in evidence, in the cases of *Church* v. *Leavenworth*, and *Ryer* v. *Atwater* and *Wright*, in 4 *Day's Ca.* 274. 431. See also *Peake's Rep.* 59., *per* Lord *Ellenborough.—It is conclusive as to the right.*

But it is needless to urge this principle farther, as I think it cannot be doubted that the decisions relied on, are between the same parties. Whoever brings a suit, bill or complaint, is a party plaintiff, and whoever is bound to appear and make answer or defend, is in law the party defendant.

I will further observe, as to the present question, that the decree in the year 1808 is in full force, and even should it be deemed erroneous, is binding on the parties till reversed ; and that it is not pretended, that the duty, then adjudged, has been since varied or affected, by any subsequent transaction, occurrence or statute.

The only question, which remains to be decided in this case, is, whether the superior court erred in adjudging the plea of the respondents insufficient in law, as to that part of it to which the complainants have demurred.

This part of the plea recites the act of incorporation of said turnpike company, in which no clause respecting bridg-

*Hartford*,
June, 1814.

Canaan
*v.*
Greenwoods
Turnpike
Company.

es on said road is contained, nor any designation as to building and maintaining them—and then states, that in pursuance of that act said turnpike company, in the year 1799, made and completed said road, and built both of said bridges, and ever after kept them in repair at their sole expense till the year 1806 ; that said bridges were built by said company for their sole use and benefit ; and that there are other bridges across the same streams, which answer all the purposes of the town, and which are by them maintained in repair.

However informal this plea may be, it is evident that the respondents meant in connection with the facts stated, to plead and rely upon the statute of *May*, 1807, of which, being a public act, the court are bound to take notice.

It is therein enacted, by a clause in the following words, " That in all cases where the incorporating act of any turnpike company does not designate what bridges on their road shall be built by them, and those which shall be built by the town where situated ; and such company in building and putting such road in repair, have built any bridge, or bridges, which otherwise might have belonged to the town where situated to have built, it shall be *conclusive evidence*, that such bridge *originally belonged* to such company to build and keep in repair."    *Tit.* 166. *c.* 2.

In the case of the town of *Waterbury* v. *Clark*, 4 *Day's Ca.* 198., this court adjudged, that the true construction of this statute is, " that whenever any turnpike company shall have erected any bridges on their road, without making any claim against the town whose duty it might have been to build and maintain them, the act of building them shall be considered as a practical construction of their own grant by the company themselves, and a waiver of all claim against the town ;"—and that " the obvious intent of the legislature is to apply its provisions to those cases, where the company make bridges *as their own*, and thereby assume them as theirs," and ought not to be allowed " to depart from their own construction." See the above report, pages 210 and 211.

Two things seem unquestionable in considering this statute ; first, that it can apply only to cases, which were dubious and liable to be contested, at the time it was passed, and not to cases in which the right and duty had been previously settled

by legal adjudications ; and secondly, that the company can be bound in justice, by such a practical construction only, as they have uniformly made of their grant, down to the time when the statute was enacted.

*Hartford,*
June, 1814.

Canaan
*v.*
Greenwoods
Turnpike
Company.

In the foregoing case of *Waterbury* against *Clark,* this court decided, that the statute did not apply, because although the company had erected the bridge at their own charge, yet they had kept up their claim against the town, and instituted a suit for the recovery of their expenses in building it.   I can perceive no difference in principle between that case and the present.

Had the company built these bridges, and maintained them at their own charge, till the passing of this statute, without having ever in any legal manner made their claim against the town of *Canaan,* that it was its duty to build and maintain them, I should hold the case to be clearly within the statute.   But before the passing of this act, the company had claimed in express words in their complaint in 1806, that " at the time of making said road, and at all times after, it was the duty of that town to build said bridges, and keep them in sufficient repair ;" and the truth and justice of their claim had been settled and decided in their favour, by the only court competent for the trial of the cause.   On these facts it cannot possibly be pretended, that this company have given any practical construction of their grant against themselves, or waived their claim against the town of *Canaan.*

By the statute, the building of a bridge by any turnpike company is declared to be conclusive evidence, that such bridge belonged originally to the company to build and keep in repair.

The adjudications of the court before and after the passing of the statute, as conclusively decide in regard to these bridges, that it is the duty of the town to build and repair them.

As the statute declares only, that the act of building shall be conclusive evidence that such bridge belonged originally to the company, every intervening fact or circumstance must be admissible, to show that whatever might have been the case *originally,* the duty did not continue to lie on the company to maintain them.   But I see no necessity of resting the decision on any minutely critical distinctions.   Taking every thing most strongly in favour of the respondents, we have conclusive

*Hartford,*
June, 1814·

Canaan
*v.*
Greenwoods
Turnpike
Company.

evidence on one side, balanced, to say the least, by conclusive evidence on the other. Now an estoppel against an estoppel always sets the matter again at large; each mutually destroys the other; and the point must be decided as though neither had existed. *Com. Dig. tit.* Estoppel, E 9. *Law of Evidence* 88. &c.

If both be in this case laid aside, it is clearly the duty of the town, as has been already observed, by the general law to build and keep in repair the bridges in question.

For these reasons I am of opinion, that in the judgment of the superior court there is nothing erroneous.

In this opinion REEVE, Ch. J. BRAINARD and BALDWIN, Js. concurred.

INGERSOLL, J. It appears to me, that the decree passed by the county court in the year 1808, recited in this writ of error, was erroneous, whatever may be said of the one passed in the year 1806. The statute passed in the year 1807, unquestionably in my mind, made the turnpike company liable to repair these bridges. This judgment or decree, erroneous as it may be, is still however unreversed, and is in full force; and the question is, whether it is conclusive upon the plaintiffs in error, and so fixes on them the liability to repair these bridges, as that they never can contest their liability again. A judgment is conclusive on the plaintiff, if he brings a second action for the same cause, matter and thing. But if he has a distinct cause of action against the defendant, depending on the same principles on which the first judgment was given, and the circumstances of the case are precisely the same with those of the first case, yet the former judgment cannot be pleaded in bar of a suit brought on the second cause of action. The first judgment, to be sure, will be a precedent in all cases under the same circumstances; but it will be no more conclusive on the defendant, than it would on a party in another suit. This principle must hold good in all penal actions. A man is guilty of a breach of a penal statute, and is sued by a common informer, and judgment is given against him. He is guilty a second time of exactly the same offence, and is sued by the same plaintiff again. Can it be said, that the first judgment is conclusive as to the rights of the parties? No

more so in my opinion, than if the second plaintiff was a different person from the first. This is so clear a principle to my mind, that if a question were made on it, it would not bear an argument. Apply these principles to the case under consideration. The turnpike company had no greater right to make the complaint, and to bring the process against the plaintiffs in error, than any individual had. It is not indeed like a suit between party and party. No damages are recoverable, but the bridges only are ordered to be put in repair. In this respect, it is more like a public prosecution, than a private suit. Whether the judgments or decrees might have been given in evidence, it is not necessary to say. But if they might have been given in evidence, I think on no principle is the evidence conclusive against the plaintiffs in error. So far as a judgment of a county court is a precedent, these decrees are precedents. But I believe, it will not be contended, that judgments of county courts are such stubborn precedents, as that this court will be bound by them.

I therefore am of opinion, that the judgment ought to be reversed.

SWIFT, SMITH and EDMOND, Js. concurred in opinion with Judge *Ingersoll.*

Judgment affirmed.