## WILLEY *against* PAULK and another.

Where the plaintiff in an action on a probate bond, against the sureties of a deceased executor, in reply to a general plea of performance, averred, that assets having come to the hands of the executor, he neglected to pay a judgment recovered against him, by a creditor of his testator, on which issue was joined; it was held, that the defendants were privies in contract to such judgment, and that it was, therefore, admissible and conclusive to shew a breach of the bond, and the amount of damages.

This was an action of debt on a probate bond, executed by the defendants, as sureties with *Leveret S. Chapman*, since deceased, executor of the last will and testament of *Isham Chapman;* the condition of which bond was, that *Leveret S. Chapman* should well and truly execute said will, and settle the estate of said *Isham* according to law, and in pursuance of the provisions of said will, and the orders of said court. At the term of the superior court, in *April*, 1824, after oyer of the condition of the bond, and reciting it, the defendants pleaded, that said *Leveret* had fully kept and performed said condition. The plaintiff replied, that estate of said *Isham*, more than sufficient to pay all his debts and legacies, had come to the hands of said *Leveret;* that he had wasted the same; and had neglected to pay an execution, issued against him, on a judgment of *New-Haven* county court, *March* term, 1821, in favour of *Calvin Pitkin* and others, executors of *Samuel Smith*, for the sum of 2387 dollars, 22 cents, whereof payment was demanded, by a proper officer, on the 7th of *May*, 1821. (*a*) Issue being joined on this plea, it was found, by the court, in favour of the plaintiff; and the cause was continued for a hearing in damages. At the term

(*a*) See *Smith's* exrs. v. *Chapman's* exr. 5 *Conn. Rep.* 14.

in *December*, 1824, the plaintiff, as a ground of damages, offered in evidence an exemplification of the record of said judgment and execution ; to the admission of which, as evidence against them, the defendants objected, and claimed, that they ought to be permitted to shew, that at the time of rendering said judgment, the amount thereof was not due from the estate of said *Isham* to said *Pitkin* and others. The court overruled the objection, and rejected the claim of the defendants, and admitted said record as evidence against them. The defendants then moved for a new trial ; and the motion was reserved.

*T. S. Williams* and *Stearns*, in support of the motion, contended, 1. That the record was improperly admitted ; the defendants not being nominally parties to the judgment, nor privies to it. 1 *Phill. Evid.* 228. *Cowles* v. *Harts* & al. 3 *Conn. Rep.* 516. *Mason's* devisees v. *Peter's* admrs. 1 *Munf.* 437. *Co. Litt.* 271. *a.* 352. *a.* The case is not within any of the exceptions to the general rule. 1 *Phill. Evid.* 229. 230. 233. 254. 2 *Bac. Abr.* 617. (*Gwil.* ed.) *Peake's Evid.* 40.

2. That the judgment, if admissible, was not *conclusive* evidence of debt against the defendants. *Sturges* v. *Beach* & al. 1 *Conn. Rep.* 507. *Carmack* & al. v. *The Commonwealth*, 5 *Binn.* 184.

*Barnes* and *Goddard*, contra, insisted, 1. That the defendants were *privies in contract ;* and the judgment, therefore, was not *res inter alios judicata ;* but was admissible and conclusive.

2. That the non-payment of the debt in question, by the executor, was a breach of the probate bond ; and the defendants, as his sureties, are liable. *Warren* v. *Powers*, 5 *Conn. Rep.* 373. *The People* v. *Dunlap*, 13 *Johns. Rep.* 437.

PETERS, J. By the common law, judgments are conclusive evidence between parties and privies. *Swift's Evid.* 9. 1 *Phill. Evid.* 245. *Canaan* v. *The Greenwoods Turnpike Co.* 1 *Conn. Rep.* 1.

The defendants were not, and could not be made, parties to the action against *Leveret S. Chapman.* But they are privies, not indeed in the fourfold class of privities of Lord *Coke*, (1 *Inst.* 271. *a.*) but privies in contract, as defined by *Jacob*, (*Law Dict. in verbo* Privies,) partakers having an interest in any action or thing, or any relation to another. But the defendants

disclaim all relation to the judgment in question, and claim that it was rendered between strangers to them. But they stand in the same relation to their principal as bail to theirs. The case of principal and surety, according to *Pothier,* a civilian of great authority, is not within the rule of *ves inter alios acta.* The dependence of the obligation of a security on that of the principal debtor, to which it has acceded, also causes the security to be deemed the same party with the principal debtor, in regard to all that is determined for or against the principal debtor. *Traite des Obligations,* part 4. page 294. (*Newbern* ed.)

Had *Leveret S. Chapman* survived, and been joined in this action, could he be permitted to show, that the judgment against him was for a greater sum than was due from his testator? If not, can his sureties do it, without showing fraud between the parties to the judgment? Surely not: for it is a maxim in the law, that the judgment of a court of competent jurisdiction cannot be impeached collaterally, by any other means. *Fermor's* case, 3 *Rep.* 77. *Bright* v. *Eynon,* 1 *Burr.* 390. *Maxfield's* Lessee v. *Levy,* 4 *Dall.* 335. 1 *Phil. Ev.* 261.

There can be no doubt of the right of the plaintiff to maintain this action against the sureties of the executor, for the benefit of the creditors of the testator. But such creditor must first establish his claim, by due course of law, as was decided by the court of appeals in *Virginia,* in an action on an executor's bond; (*Braxton* v. *Winslow,* 1 *Wash. Rep.* 31.) where it was said, by the court, that a man who claims to be a creditor, must show himself to be a creditor in the usual course of law. It is not enough to produce a mere document of debt; he must first institute a suit against the executor or administrator; because it is in the first instance a dispute between creditor and debtor, whether or not a debt actually exists; a dispute which the sureties to such a bond, who are strangers to the contract, are by no means competent to manage. A similar decision, in a similar case, was made by the supreme judicial court in *Massachusetts,* in *Cony,* Judge, v. *Williams* & al. 9 *Mass. Rep.* 114, wherein it was said, by the court, that it must be considered as settled law with us, and so is the practice, that the non-payment of a debt, after it has been ascertained by a judgment of a court, or by commissioners, is a breach of an administration bond. The authority of these cases was recognised by the supreme court of *New-York,* in *The People* v. *Dunlap,* 3 *Johns. Rep.* 437

In the case before us, the claim of a creditor has been established in due course of law, and payment refused by the executors, of which the only proper evidence was properly admitted by the court.

*Middlesex,*
July,
1825.

Willey
v.
Paulk.

I therefore do not advise a new trial.

The other Judges were of the same opinion.

New trial not to be granted.

END OF CASES DECIDED IN 1825.

HARVARD LAW SCHOOL LIBRARY.