THE STATE OF CONNECTICUT *against* THE TOWN OF
FRANKLIN :

IN ERROR.

Where a complaint was exhibited, by the state's attorney, to the county court,
describing a highway in the town of *F.*, crossing a river in that town, and
averring, that there had formerly been a public bridge over said river in said
highway ; that for many years past, there had been no bridge at that place,
whereby the travel had been greatly obstructed ; that a bridge there would
be of public convenience and necessity ; that said town is by law bound to
build and keep in repair a good and sufficient bridge there, but has neglected
so to do ; praying process against said town and the select-men thereof to
answer touching the premises ; the court, on a hearing, found the facts
stated in such complaint to be true, and that it was the duty of said town
to build said bridge, and passed an order requiring said town to build it ac-
cordingly ; it was held, 1. that this complaint was not in nature of an in-
formation against the town for a nuisance, nor an information for not re-
pairing a bridge or a road, for which the town was to be punished, but the
object of it was, to procure an order of court that the town should build a
bridge, where one, which had long been discontinued, formerly stood ; 2.
that the state's attorney had no power by law to prosecute such complaint ;
and consequently, that the proceeding was erroneous.

THIS was a complaint, exhibited by the state's attorney, to
the county court, describing a highway in the town of *Franklin*,
crossing the *Shetucket* river in that town, and then averring,
that a bridge, known by the name of *Woods* bridge,
was theretofore built and placed over and across said river in
said highway, as a public bridge, and so continued for many
years thereafter ; but that for many years past, there has been
no bridge across said river in said highway, whereby the travel
has been greatly obstructed, and the public put to much in-
convenience ; that a bridge at that place would be of great
public convenience, and is very necessary to the accommoda-
tion of the public ; that said town has been, and now is, bound
by statute to build and keep in repair a good and sufficient

bridge at that place, but have neglected and do neglect so to do; praying process against the town and the select-men thereof, to answer touching the premises; and that such proceedings may be had as are according to law and the statute in such case made and provided.

Appended to this complaint was a citation to the town and to the select-men of *Franklin,* to appear and answer to such complaint, and to do and suffer what by the court should be ordered in the premises. Service was made on the town, by a copy left with one of the select-men.

The respondents appeared; and after a hearing, the court found the facts stated in the complaint to be true, and that it was the duty of the town of *Franklin* to build said bridge, and passed an order that they should build it and pay the costs of prosecution. Other proceedings were had, which it is not now necessary to detail, and finally a bridge was built under an order of court, and execution issued against the inhabitants of the town for the expense, being 1091 dollars, 78 cents, and for 48 dollars, 73 cents, costs of prosecution.

To obtain a reversal of that judgment, the respondents brought a writ of error in the superior court; and one cause assigned was, that the state's attorney had no right to prosecute the complaint. The superior court reversed that judgment; and the state's attorney thereupon filed his motion in error, and brought the record before this Court for revision.

*Gurley* and *Isham,* for the plaintiff in error, contended, That the complaint or information brought, was sustainable. In support of this position, they urged the following considerations.

In the first place, an indictment is, by the common law, the proper remedy for not repairing a highway or bridge, in the absence of any statutory provision imposing the duty. 2 *Stark. Ev.* 662. 312. 2 *Inst.* 700. 701. *Com. Dig. tit.* Chimin. B. 3.

Secondly, where there is a statute imposing the duty, the common law furnishes the remedy by indictment; and this even where there is some *other* remedy; the latter being accumulative. *Rex* v. *Balme* & al. *Cowp.* 648. 650. *Rex* v. *Robinson,* 2 *Burr.* 799. *The Commonwealth* v. *Springfield,* 7 *Mass. Rep.* 9. 14.

Thirdly, our statute imposes on towns the duty of building and repairing bridges; and by a fair and not forced construction, gives authority to prosecute by presentment or informa-

tion. Provision is made for damages for the loss of life by means of a defective road or bridge, after warning given, " or after an information made to the county court, by the attorney of the state ;" clearly implying his authority in case of a bridge or road out of repair. *Stat.* 266. *tit.* 48. *s.* 3.

Fourthly, as the attorney can unquestionably prosecute for a road out of repair, (*Stat.* 274. *tit.* 48. *s.* 19.) it is a reasonable construction to consider the whole distance as a highway, and that it is out of repair by the not building or repairing this bridge. The information shews, that the highway is out of repair, by the neglect of the town to rebuild this bridge. *Reparatio pontium* includes *roads ;* and surely, the term *highways,* with much more propriety, embraces *bridges ;* for where a bridge in a highway is down, the highway is impassable, and does not answer the purposes of convenience and necessity for which it was made.

Fifthly, this complaint is authorized by the 7th section of the statute relating to highways and bridges, which provides, that when any town shall neglect to build or repair a bridge across a river in a public highway, within the bounds of such town, complaint may be made to the county court, by any person or persons. *Stat.* 267. That the state's attorney is " a person" in relation to this subject, was virtually decided in *Canaan* v. *The Greenwoods Turnpike Company,* 1 *Conn. Rep.* 1.

Lastly, the power of the state's attorney to prosecute this complaint results from his general authority to "prosecute, manage, &c. in all matters proper, for and in behalf of the state ;" (*Stat.* 141. *tit.* 21. *s.* 22.) and also from the provision in another statute, that an information may be exhibited by him for all offences other than those for which an indictment by the grand jury, is necessary. *Stat.* 261. *tit.* 45. *s.* 8.

*H. Strong*, for the defendants in error, insisted, That the state's attorney had no power to institute and prosecute this complaint.

In the first place, this case is not within the general power to prosecute on behalf of the state, given, by statute, to the attorney. The remedy here sought is one given by the 7th section of the statute relating to highways and bridges, " to any person or persons," to prefer a complaint to compel the town to build the bridges, and not a prosecution, such as the attorney by the common law may institute, where the court may punish by fine.

But, in the next place, the provisions of that section confer no power on the attorney. In his official capacity, he is not a person, but *the state—i. e.* he represents the state.

Thirdly, he has no power to prosecute under the 19th section of the statute referred to. By tracing the history of the two statutes regarding highways and bridges, which were originally separate and were brought together at the last revision, it will be found, that this section relates to highways only. But if this prosecution could be sustained under that section, then the judgment is erroneous, which awards execution against the inhabitants of the town, and not against the select-men.

*Goddard*, on the same side, was stopped by the Court.

WILLIAMS, J. Much of the argument in support of the proceedings seems to have proceeded upon the assumption that this was a complaint against the town in nature of an information for a nuisance. If it were so, there could have been no necessity to resort to the *English* authorities, or those of *Massachusetts*, to prove, that the attorney may prosecute; because our own statute authorizes the attorney to file informations for all criminal offences committed in their respective counties. *Stat.* 261.

Upon looking at this complaint, I do not understand, that it is an information for not repairing a bridge or a road, for which the town is to be punished; but that the object was, to procure an order of court, that the town should build a bridge, where one, which had long been discontinued, formerly stood. So it was understood by all parties. The select-men, as well as the town, were notified. No plea was filed, no issue joined to the jury. But the court enquired into the facts, and directed a bridge to be built. It was evidently founded upon the 7th section of the statute regarding highways and bridges. Were it otherwise, and could the complainant establish the proposition, that it is in nature of a criminal information for not erecting a bridge, or for a nuisance, I see not why the proceedings would not be erroneous, because the court, and not the jury, enquired into and decided the facts in dispute. I therefore lay out of the case an argument, which has been urged with much force, that the common law furnishes a remedy whenever it imposes a duty. Here no duty is imposed until the steps prescribed by

statute, are taken, and the order made. The statute prescribes a specific mode of enforcing the order, not by punishing the neglect, but by directing the time and manner in which it should be done. *That,* however, the court do upon complaint. The question then arises, by whom is the complaint to be made ; and that must depend upon the requisitions of the statute. Does the statute authorize the state's attorney to make such complaint ?

The 19th section of the act relating to highways and bridges, directs, that when any town shall neglect to keep in repair any public road, which it is their duty to repair, the county court may order repairs ; and it shall be the duty of the state's attorneys to make complaint. *Stat.* 274. It is claimed, that as it is the duty of the town to keep in repair bridges as well as roads ; and as bridges are parts of roads, the statute may be fairly construed to include bridges as well as roads. But when it is recollected, that until the late revision of the statutes, there were two distinct statutes respecting bridges and highways, and that the clause referred to was only in the statute concerning highways, it would seem as if the legislature could not have intended to give the same power to the state's attorneys in one case as in the other. And although the two statutes are now incorporated into one, yet as the subjects still remain and are treated as distinct, it cannot be supposed, that the legislature intended all the provisions applicable to one, should be to the other, when some of the sections speak of roads and bridges, some of roads only, and some of bridges only. The acts were consolidated, by uniting in one section those provisions which had been before common to both ; but with respect to the other parts, it left them as before ; and the act remains in substance what it was before the revision. If so, the attorney cannot derive his right from the 19th section, which relates only to public roads.

It was also claimed, that this power was given by the 7th section, that when a town shall refuse to repair or rebuild a bridge, the county court may, on complaint of *any person* or persons, enquire, &c. ; and it is asked, is not the state's attorney a person ? Such general terms, it is said, must include all officers, as well as all individuals ; and that a corporation has been held to be a *person* within the meaning of this very law : that the individual attorney and the state, are, each of them, persons. It cannot be seriously contended, that the state's at-

torney is prosecuting here as an individual, or that he would be personally liable for costs, any more than in any other prosecution where he appears for the state. He signs as attorney; professes to act as attorney; and it would violate every principle to make him responsible for costs as an individual, when he is only acting for the public, whose representative he is. The state of *Connecticut,* then, is the real party.

The next question is, whether the state is a *person* within the meaning of the 7th section of the statute relating to highways and bridges. That a corporation is an artificial person, known in law, is certainly true. The application of this doctrine to the supreme power of the state, however, is novel, if not unprecedented. That a power to any person to prosecute, should be construed to give the power to a public officer in behalf of the state, is so contrary to the ordinary understanding of such a power, that it needs some authority to support such a construction. It has generally been supposed to apply to individuals in contradistinction from public officers; and it is believed, that uniform practice has corresponded with this idea. But it appears to me, that the case of the town of *Canaan* v. *The Greenwoods Turnpike Company,* 1 *Conn. Rep.* 1., so far from supporting the doctrine for which it was cited, is an authority to shew, that corporations are not, generally speaking, persons within the meaning of this statute. That was a complaint, by the turnpike company, against the town, for not repairing a bridge on their road. It was contended, on the one hand, that corporations were persons, and therefore, might prosecute under this section; and on the other, that they were not the persons intended by the statute, who could be common informers. The court there held, that as the corporation had a direct interest in the support of these bridges on their road, they might prosecute; but that they could not prosecute for the insufficiency of any other bridges than those on their own road. 1 *Conn. Rep.* 6.

The construction contended for cannot, therefore, be supported; and as the plaintiffs have shewn no authority for the complaint by the state's attorney, the judgment of the superior court must be affirmed.

The other Judges were of the same opinion.

Judgment affirmed.