CHARLES D. TOWLE *v.* LEVI G. TOWLE & A.

Where, upon a bill in equity brought by A. against B., a temporary injunction was issued upon condition that, before it was served, A. should file a bond of indemnity satisfactory to the clerk, with a condition that A. should pay and satisfy all such damages as might be occasioned to B., in case the bill in equity should be determined against A., and, before the service of the injunction, which was on the 17th day of August, 1860, a bond with such a condition was filed and was accepted by the clerk as satisfactory for the time upon the express understanding that a new bond should be filed if required, and, it being required, a new bond with a condition in the same terms was filed on the 27th day of the same August: *Held*, that the condition of the second bond covered all the damages occasioned to B. by reason of the injunction.

An injunction forbidding A. to carry any passengers to or from a certain depot in the town of E., forbids him to carry passengers from that depot to places outside of such town, and from such places to that depot.

In an action at law by B. against A. and his sureties upon such a bond to recover damages for a breach of its condition, in the absence of fraud, the defendants are concluded by the final decree in equity, so far as the same matters come in question.

THIS is debt upon a bond by the defendants to the plaintiff, dated August 27th, 1860, in the penal sum of $500.00. The defendants pleaded *non est factum*, on which issue was joined; and also craved oyer of the bond and the condition which were set out; the condition being in these words, "Whereas on the 15th day of said August, the said Levi G. Towle filed his bill in equity against Charles D. Towle, and whereas on the seventeenth day of August, 1860, the said Levi G. Towle obtained of Charles Doe Esquire, a writ of injunction which was on the same day duly served on the said Charles D. Towle; now if the said Levi G. Towle shall pay and satisfy all such damages as may be occasioned to the said Charles D. Towle in case the said bill in equity shall be determined against the said Levi G. Towle, then this obligation shall be void;" and thereupon the defendant pleaded *non damnificatus*.

To this the plaintiff replied that from August 17, 1860, to December 19, 1862, he was illegally and unjustly prevented by said injunction from carrying passengers to and from the depot in Exeter to the injury of Abraham P. Blake and Levi G. Towle, and so prevented from pursuing his lawful business, and deprived of great gains and profits to the amount of $800.00, and was compelled to pay the sum of $300.00 to his solicitors and counsel in defending said suit in equity and regaining his just rights and business, and was compelled to expend much time and money in preparing for said suit; and so he says he was damnified by reason of said suit in equity and said writ of injunction.

To this defendants rejoin that plaintiff was not damnified in manner and form as set forth in said replication, and tendered an issue to the country, which was joined. There had been another plea of *omnia performavit*, resulting in an issue of law, but it was afterwards waived by the parties.

At the trial here, a bond with the conditions as set forth in the defendants' plea was produced and read, the execution having been admitted; and it appeared that the bill in equity which was brought to obtain an injunction to restrain said Charles D. Towle from carrying passengers to and from said depot and for general relief, was dismissed on December 19, 1862.

The injunction obtained by said Levi was served upon the said Charles, August 17, 1860, and it enjoined him not to run or cause to be run any coach, carriage or vehicle of any description whatever to or from or to and from the depot in said Exeter, for the purpose of carrying any persons or passengers, and not to assist or countenance any other person or persons so to do, and not to carry or cause to be carried to or from said depot to the injury of Abraham P. Blake and Levi G. Towle, both of said Exeter, any passengers, and not to use or lend your influence or countenance any movement to prevent or influence any person against riding with said Abraham P. Blake or Levi G. Towle as passengers to and from said depot."

It appeared, that, by the direction of the judge who issued this injunction, it was not to be served until a $500.00 bond of indemnity to the satisfaction of the clerk was filed; that a bond of that amount was filed

which was accepted by the clerk as satisfactory for the time, with the express understanding that a new bond was to be filed if required, and as a new one was required and notice of it given August 22, 1860, the bond now in suit was furnished and filed on the day of its date.

The bill in equity was entered December Term, 1860, and continued with the injunction from term to term until December Term, 1862, when it was dismissed upon a hearing upon bill, answer and proofs, and upon the merits.

The plaintiff offered evidence tending to prove that, at the time of the service of this injunction, he was engaged in running carriages to and from said depot for the purpose of carrying passengers between that depot and other places outside of the village of Exeter; and that, from the service of the injunction to the time of the filing of the new bond, he suspended altogether that business; and for the damages caused by such suspension he claimed to recover; but to this the defendants objected upon the ground that the bond in suit did not cover such past damages; the court, however, ruled that the plaintiff was entitled to recover the damages so sustained, and the defendants excepted. The plaintiff also claimed to recover for expenses in defending said suit in equity, but the court, against plaintiff's objection, ruled that the bond did not cover such claim.

The defendants offered to prove that, during this period between the 17th and 27th days of August, 1860, the plaintiff by agreements previously entered into was bound, as against the said Levi G. Towle and Abraham P. Blake, to carry no passengers to and from said depot, and therefore that he abstained from doing only what he had no right to do; but the court rejected the evidence, and instructed the jury that, for the purposes of this case, the decision in the suit in equity must be regarded as establishing the plaintiff's right so to carry passengers; to which the defendants excepted.

The court also instructed the jury that the injunction must be construed to restrain the plaintiff from carrying passengers to and from said depot, to and from the village of Exeter, or Rye Beach, or other places outside of Exeter, to the injury of said Blake and Levi G. Towle; to which the defendants excepted.

The jury having found a verdict for the plaintiff, the defendants move to set it aside for alleged errors in rulings and instructions set forth.

The questions of law arising on the foregoing case were reserved and leave was given that on the hearing the parties might read the said bill in equity and answers together with bonds referred to and the writ of injunction and the opinion of the court in said equity suit.

*Bell* and *Towle*, for plaintiff.

*Small* and *Wood*, for defendants.

BARTLETT, J.    The first bond was accepted by the clerk "as satisfactory for the time with the express understanding" that a new one should be filed if required; and a new one being required the bond in

suit was filed according to this previous arrangement. The terms of the latter bond are broad enough to cover all damages occasioned to the plaintiff by the injunction, and the purpose of the bond as well as the spirit of the 36th of our rules in chancery require us so to construe it; and this construction is in accordance with the general practice in this State in similar cases. *Great Falls Co.* v. *Worster,* 45 N. H. 111; see *Hodgdon* v. *Merrill,* 26 N. H. 20; *Pettengill* v. *McGregor,* 12 N. H. 189.

It is unnecessary to inquire whether under the condition of this bond the plaintiff is or is not entitled to recover his expenses in defending the suit in equity, or whether the point in fact decided in *Bank* v. *Heath,* 45 N. H. 524, is involved in that question, for no exception to the ruling of the court upon this point was taken by the defendants, who are the only party asking that the verdict be set aside.

The injunction expressly forbade the plaintiff to carry passengers to or from the depot in Exeter, &c., and this would prevent the plaintiff from so carrying them between that depot and places outside of Exeter, and there is nothing to limit the terms of the injunction in this respect; and therefore the decision in the original suit in equity, *Towle* v. *Towle,* (Rock. Dec. T. 1862,) is not in point, for although the terms of the bond in question there were similar to those of the injunction, the court in effect held that this bond was to be construed with another bond given by the obligee to the obligor in the former at the same time and as part of the same transaction.

By signing the bond in suit with Levi G. Towle, the plaintiff in the suit in equity, the sureties voluntarily assumed such a connection with that suit, that they are concluded by the decree in it in the present suit upon the bond so far as the same matters are in question. *Great Falls Co.* v. *Worster,* 45 N. H. 111; *Heard* v. *Lodge,* 20 Pick. 53; *Willey* v. *Paulk,* 6 Conn. 74; *Sturgess* v. *Knapp,* 33 Vt. 521; *Rapelye* v. *Prince,* 4 Hill 123; *Black* v. *Caruthers,* 6 Humph. 87; *Dowling* v. *Poluck,* 18 Cala. 625; *Warner* v. *Matthews,* 18 Ill. 86. The rulings and instructions of the court upon this point were therefore correct. There must be

*Judgment on the verdict.*