### FOWLER *against* SAVAGE and others.

June 24.

In trespass *quare clausum fregit*, the defendants justified under a public right of way over the *locus in quo*, and offered in evidence the following document: " A highway laid out by us, the subscribers, a committee to lay out the lands reserved in the former divisions of land in *Middletown* for highways, &c. have, on the 18th day of *December*, 1762, laid out a highway in *N. W.* quarter in the home-lot of *H. W.*—We began at the *North* and *South* highway, and ran *East*, 8 degrees *South*, 28 rods, to the *East* end of said home-lot ; which way we bounded out three rods wide, and ran near the *South* end of the house standing in said home-lot.   [Signed,] *J. S., J. B., J. F.*, Committee.   *June* 20, 1763.   A true record.   Teste, *W. R.* Register." Held, that this document was inadmissible, 1. because it was not accompanied, with evidence of the *appointment* of the committee, or of the *acceptance* of their report; and 2. because the town, in 1762, had not by law the *power* of laying out highways.

Nor can such appointment, acceptance, or power, be presumed from lapse of time.

Verdicts and judgments between other parties are admissible to prove a public right of way, only where the party claims by prescription ; and in that case, merely to corroborate the presumption of a grant.   A user of sufficient length to create a presumption, must first be proved ; and then, in aid of that user, the verdict or judgment is admissible.

A former verdict or judgment between other parties, is not admissible to give a construction to a grant produced, or to validate one, which, on the face of it, is invalid.

THIS was an action of trespass *quare clausum fregit*, complaining of injuries to a lot of land in *Middletown*, belonging to the plaintiff, and in his peaceable possession.   The defendants justified, on the ground that there was a public highway over the *locus in quo*, for all the inhabitants of the town of *Middletown*, and of the state, to pass and repass ; and that the defendants, by the direction of the select men of *Middletown*, and by order of the surveyor of highways of that town, did the acts complained of, for the purpose of repairing the road.

The cause was tried in *Middlesex* county, *December* term, 1818, before *Trumbull* and *Peters*, Js.

On the trial, the defendants claimed, that there was a public highway over the *locus in quo*, which the plaintiff had wrongfully enclosed and shut up ; and that they, by order of the select men of *Middletown*, entered on such highway, removed the fences, &c.   To support their defence, they offered in evidence a writing in these words : " A highway laid out by us, the subscribers, a committee to lay out the lands reserved in the former divisions of land in *Middletown* for highways,

*New-Haven,*
·June,
1819.

Fowler
*v.*
Savage.

&c. have, on the 18th day of *December*, 1762, laid out a highway in *N. W.* quarter, in the home-lot belonging to *Hugh White*, jun. We began at the *North* and *South* highway, and ran *East*, 8 degrees *South*, 28 rods, to the *East* end of said home-lot; which way we bounded out three rods wide, and ran near the *South* end of the house, standing in said home-lot.

> *Joseph Southmayd,*
> *John Bacon,* } Committee.
> *Joseph Frary,*

*June* 20, 1763. A true record. Teste,

> *William Rockwell*, Register."

The defendants admitted, that so much of the road as was covered by this survey, had never been opened, until about six years ago; but they offered evidence to shew, that *Hugh White*, who, at the time when the survey was made, was in possession, in right of his wife, requested, that the road should not be opened, and offered to accommodate the public, by opening a passage a little below; and that he accordingly did open a passage, known by the name of " *The Equivalent Passage*." The heirs of *White's* wife, in 1785, conveyed the premises to *Eli Butler;* in 1793, *Butler* conveyed to one *Wilcox;* and in 1806, *Wilcox* conveyed to the plaintiff, each deed containing covenants of warranty and seisin, without any mention of the highway. These several grantees entered, and were exclusively seised, under their respective deeds; and, as the defendants claimed and offered evidence to prove, had always admitted, that there was a highway across the land mentioned in the survey, and that the select men had right to open it when they pleased, and that it was kept shut by sufferance only, and on condition of keeping open the equivalent passage. The plaintiff objected to the introduction of the survey, claiming, first, that it was void on the face of it; secondly, that it was not evidence, unless it was further proved, that the committee was legally empowered to lay out the highway, and that it had been accepted by the town. The court overruled the objection, and admitted the survey, with the other evidence offered by the defendants. The defendants also offered in evidence, the record of an action, verdict and judgment between the plaintiff and one *Calvin Kelsey*,(a) accompanied

---

(a) *Fowler* v. *Kelsey.* This was an action of trespass *quare clausum fregit*, alleging, that the defendant threw down and removed the plaintiff's fences, &c.

New-Haven,
June,
1819.

Fowler
v.
Savage.

with parol evidence, that the road or highway, set forth by the pleadings, and found by the jury, in that case, was over the same land where they now claim the highway to be.— The plaintiff objected to the admission of this record, because it was between other parties, and irrelevant. But the court suffered it to be read in evidence to the jury, with the parol proof accompanying it.

The plaintiff further claimed, that the other part of the highway, if any had ever existed, had been fenced in, and held adversely, by the plaintiff, and those under whom he claimed, for more than fifteen years, viz. for sixty years; and also, claimed, that if the road covered by the survey was ever legally laid out, it was lost by non-user; and that a title to it had been gained by him, the plaintiff, and those under whom he claimed, by fifteen years adverse possession.

The plaintiff requested the court to charge the jury on the several points of law, according to his claims in relation to

commenced in *April*, 1814, and tried before the superior court, in *Middlesex* county, *December* term, 1815. The description of the *locus in quo*, in that declaration, corresponded substantially, though not precisely, with the description in this. The defendant pleaded, that before and at the time specified in the plaintiff's declaration, there was, and of right ought to have been, a certain common and public highway over the said close, for all the inhabitants of the town of *Middletown*, and of the state of *Connecticut*, to pass and repass, on foot, and with cattle and carriages, at all times of the year, at their free will and pleasure; wherefore, the defendant, being an inhabitant of the said town and state, at the time mentioned by the plaintiff in his declaration, went and passed on foot over the said close in and upon the said highway, there using the same, as he lawfully might, for the cause aforesaid; and the defendant, because the fences in the plaintiff's declaration mentioned, before the time by the plaintiff specified, and for more than two years last past, had been wrongfully erected and continued, and were then standing upon and across the highway, to the obstruction of the same, so that without throwing down and removing the said fences, the defendant and all other persons were entirely prevented passing and repassing over the said close in the highway there, as he and they had right to do, at the time in the plaintiff's declaration set forth, by the special request of *Josiah Savage* and others, select of the town of *Middletown*, who, on the 1st of *March*, 1813, then being select men of said town, notified and warned the plaintiff to remove the said fences, as well as for his own rightful accommodation, in order to put away the said obstructions, did throw down and prostrate the said fences, as the plaintiff has declared, and did remove the posts, rails and stones constituting the same to a convenient distance off and from the said highway, and there left the same for the plaintiff, doing no unnecessary damage; which are the same supposed trespasses in the plaintiff's declaration mentioned. This plea the plaintiff traversed; and the jury found a verdict for the defendants, in the words of the plea; and the court rendered judgment thereon accordingly.

them. The charge given was as follows. "The court admit the record of the action, verdict and judgment in the case of the plaintiff against *Calvin Kelsey*, as evidence proper for the jury to weigh and consider, together with the other testimony, on the question as to the existence and location of the highway claimed by the defendants, but not as of itself conclusive evidence on that question, so as to preclude the consideration of all the other evidence. In case you shall find, that a highway was laid out, or reserved, through the home-lot of *Hugh White*, and that he, and those who claimed under him, previous to the time when the plaintiff purchased, kept the *Equivalent Passage*, as it was called, open for public travel, upon an agreement and understanding, that so long as it was kept open as an equivalent, that highway should not be laid open by the public, no right or title could, during that period, be acquired, by fifteen years possession and occupation of the land in that highway, as the possession was not adverse. Respecting the survey and laying out of a part of said highway, the court are of opinion, that it does not appear void on the face of it; but the effect of it is left to the consideration of the jury. If, then, you find, that there was no highway, formerly laid out or reserved, according to the claim of the defendants; or in case such right of highway existed, if you find that the defendants, in opening the same, have trespassed upon the plaintiff's land described in the declaration, in any place, where that laying-out or reservation gave no right or claim to open and clear the same, as a highway, you will find the defendants *guilty*. But if you find, that such an highway was laid out, or reserved, through the plaintiff's land, as is claimed by the defendants, and that it was never lost, in whole or in part, by exchange, abandonment, or fifteen years adverse possession, and that in opening the same, the defendants have not trespassed upon the plaintiff's land in any place where no right of highway existed, by such laying-out or reservation, you will find the defendants *not guilty*." The jury found a verdict for the defendants; and the plaintiff moved for a new trial, on the ground, of the admission of improper evidence, and of a misdirection.

*Sherman*, in support of the motion, contended, 1. That the document called a *survey*, was improperly admitted. The proper evidence of a highway is the record of the county

*New-Haven*,
June,
1819.

Fowler
*v.*
Savage.

court.    But all that this writing purported to be, was, a report of certain individuals, styling themselves a " committee." It did not appear when, or by whom, they were appointed— what were their powers—in what manner, or within what time, or under what restrictions, they were to exercise their powers. A report of a committee laying out a road, without, or not pursuing, their appointment, is of no more validity to establish a right, than an execution without, or not pursuing the judgment.    *Palmer* v. *Palmer,* 2 *Conn. Rep.* 462.    Besides, it does not appear, that this report was ever *accepted.*    If the laying-out is void on the face of it, no *user* will help it.    User may imply a grant; and in that case, it will be a *valid* grant; but where the evidence of title is a record, if *that* is void *ab initio,* it will never be any better.

2. That the verdict in *Kelsey's* case was inadmissible, either to eke out the record title claimed by the defendants, or to establish the right by usage.    If the verdict is not conclusive, as it is admitted not to be, it amounts to nothing more than *reputation.*    But reputation, though it may corroborate an usage, can never establish a right.    *Ratcliffe & Chaplin's* case, 4 *Leon.* 242. *Reed* v. *Jackson,* 1 *East* 355.    *Weeks* v. *Sparke,* 1 *Mau. & Selw.* 679. 690.

3. That parol evidence ought not to have been received, to shew, that the highway in question was the same as that mentioned in the record of *Kelsey's* case.    This point, however, was not much pressed.

*Staples* and *Hotchkiss,* contra, insisted, 1. That the survey was proper evidence to go to the jury.    As to the objection, that it was unaccompanied witn a legal record of the *appointment* of the committee, the first answer is, that this point cannot arise on this motion, as it was not made at the trial; and of course, the evidence relating to it is not stated.    Secondly, if it could arise on this motion, sufficient appears, from which it is to be presumed, that the committee was duly appointed; sufficient to authorize the court to leave it to the jury to presume that fact.    The survey purports to have been duly recorded; and it has been submitted to, by all interested, for more than half a century.    The authorities warrant this presumption, in analogous cases.    Where a deed has been executed by attorney, his power will be presumed after a considerable lapse of time.    *Doe* d. *Clinton & al.* v. *Phelps,* 9 *Johns.*

*Rep.* 169. *Doe* d. *Clinton & al.* v. *Campbell*, 10 *Johns. Rep.* 475. So, a warrant for calling a *proprietors' meeting* may be presumed. *Monumoi* v. *Rogers*, 1 *Mass. Rep.* 159. *Pitts* v. *Temple*, 2 *Mass. Rep.* 538.

New-Haven,
June,
1819.

Fowler
v.
Savage.

Another objection made to the admission of this evidence, is, the want of *powers* in the committee. But, at this time, the whole power of laying out highways was vested in *proprietors' committees*, and in the county courts. *Stat. Conn.* ed. 1769. *p.* 87. 379. The survey purports to have been made by a committee to lay out lands reserved for highways.

A further objection is, that the survey was never *accepted* by the town. But before 1773, the town had nothing to do with the acceptance of highways. See the statutes before referred to.

2. That the record of *Kelsey's* case was admissible, both on principle, and according to all the authorities. *Peake's Ev.* 40. *Phill. Ev.* 233, 4. *Bul. N. P.* 233. 2 *Botts' P. L.* 704, 5. *Berry & al.* v. *Banner & al. Peake's Ca.* 156. *Rex* v. *St. Pancras, Peake's Ca.* 219. *Whateley* v. *Menheim*, 2 *Esp. Rep.* 608. *Reed* v. *Jackson*, 1 *East* 355.

3. That parol evidence was properly admitted to shew the identity of the subject of controversy. 2 *Poth.* by *Evans, p.* 347.

CHAPMAN, J. The defendants admit, that the acts complained of, by the plaintiff, were done by them ; and justify, on the ground, that there was a public highway over the *locus in quo.* The question, then, is, whether the evidence offered by the defendants, was admissible to prove the existence of such highway.

1. Was the survey, or laying-out, of the committee of the town in 1762, offered and admitted in evidence, admissible ? It was inadmissible on two grounds :

First, it was not accompanied with any evidence, that any such committee was ever appointed. An execution is not admissible, without being accompanied with the judgment on which it issued ; nor is the laying-out of a highway, by a committee appointed by the county court, without producing the decree of the court, appointing them, as well as their acceptance of it.

This is a rule founded on the best good sense, for the judgment, if produced, might be a void one. The committee may

have exceeded their powers. The court may not have accepted their report. Every reason which could be urged in favour of the rule, as applicable to those cases, can, with equal force, be urged here. No such committee may ever have been appointed ; or if they were, their powers may have been particularly limited, and they may have exceeded them ; or, lastly, the town may have refused to accept of such laying-out ; and the non-production of the record of their appointment, and the acceptance by the town, creates a strong presumption, that were it produced, it would operate against the defendants.

Secondly, had the record of their appointment and the acceptance of the laying-out been produced, it would not have varied the case. The town, in 1762, had no such power. It was given them by statute, in 1773.

But it is said, we ought to presume they then had such power. This would be to carry the doctrine of presumption to an unheard of length. Suppose the survey in question had been signed by as many constables or grand-jurors, nay, by as many individuals, acting in their private capacities ; upon the principle of presumption, as claimed in this case, we ought to presume, that there was a law in existence, at that time, which authorised their proceedings.

If I am thus far right, it would seem to be unnecessary to discuss the other points in the case ; since there must be a new trial, if the court erred in admitting the survey to be given in evidence.

It may not, however, be improper to observe, that verdicts and judgments, between other parties, may, in some cases, be given in evidence. In cases where they operate *in rem*—create a title, &c., they are admissible, on the same principle that conveyances, which transfer a title from one to another. Where a title to land is acquired, by the levy of an execution against *A.*, the judgment is admissible in a trial in ejectment against *B.* ; and so would be a deed from *A.* to the plaintiff ; and for the same reason. The plaintiff, in the one case, derives his title from the levy, and, in the other, by his deed. On this principle, the decisions of courts of admiralty are admissible : they transfer property. It is also true, they are sometimes admissible to prove the existence of a public highway ; but never, except where the party claims by prescription ; and then, merely to corroborate the presumption of

there having been a grant. A user of sufficient length to create a presumption, must first be proved; and then, in aid of that user, the judgment &c. is admissible.

But when the grant itself is produced, (or, as in this case, the survey itself,) such evidence is wholly irrelevant. It is not admissible to give a construction to the grant; nor to make valid, that which, on the face of it, is invalid.

*New-Haven,*
June,
1819.

Fowler
*v.*
Savage.

In this case, there has been a user of but six years, which creates no presumption in favour of the defendants. The user of what is called the *equivalent* highway, is wholly foreign to the subject. It conduces only to prove, that a highway was once laid out, in that place; but certainly not that one has been laid out in a different one. As to the reservation by the *proprietors;* I need only remark, that such a reservation gave no authority to the *town.*

I purposely avoid giving any opinion as to what length of time will be required to deprive the public of a right to a public highway, which has been shut up. It is a question of great importance, and attended with much difficulty. A user of twenty years, which, in *England* raises a presumption of a grant, is essentially different from a prescription. The latter is created by a user, of such length, that " the memory of man runneth not to the contrary." Persons acting for themselves, are presumed to be *vigilant*, in preventing encroachments being made on their property; and it is therefore reasonable, that they should lose their rights by their own laches; but it may be questionable, whether the *public*, who necessarily act by agents, who may be unfaithful, should be subject to the same penalties. I am not aware, that this question has ever been made before the Supreme Court.

BRAINARD and BRISTOL, Js. were of the same opinion.

PETERS, J. In trespass *quare clausum fregit*, the defendants justified under a public right of way, and the authority of the select men of *Middletown;* and in support of their defence, offered in evidence, 1. A survey of a highway, laid out in 1762, over the *locus in quo*, by persons styling themselves a committee. 2. A verdict and judgment of the superior court, in 1813, in a *similar* action, for a *similar* trespass, in the *same* place, between this plaintiff and *Calvin Kelsey*, who justified under the *same* right, and the *same* authority. The court below ad-

New-Haven,
June,
1819.

Fowler
v.
Savage.

mitted this evidence; and the plaintiff now claims a new trial, because, 1. The survey is void.    2. The verdict was between other parties.

I concurred in the admission of this evidence on the circuit, and have not changed my opinion.

This survey is an ancient transaction, and has been acquiesced in, by the proprietor of the land, and those claiming under him, from its date to the plaintiff's entry in 1806.    This acquiescence appears by their furnishing an " equivalent passage," under an express and continued recognition of the public right, which is tantamount to possession, accompanying and following the deed.    *White* v. *Crawford*, 10 *Mass. Rep.* 183.    But the survey is said to be void for uncertainty.    This I cannot discern; as it locates the highway by metes and bounds, by courses and distances, in length and in breadth.    " *Id certum est quod certum reddi potest.*"    It does not indeed appear *by whom* the committee were appointed; but their *act* is recorded among the *acts* of the town and proprietors; and considering the manner in which our ancient highways were reserved, or left by the proprietors, or laid out by their committees, or by select men, or *their* committees, we are bound to say, " that all shall be presumed, which would make this ancient impropriation good," according to the maxim, " Omnia *presumuntur* solemniter esse acta :" for " *Tempus est edax rerum ;*" and " God forbid, that ancient grants and acts should be drawn in question, although they cannot be shewn, which was at first necessary to the perfection of the thing."    12 *Rep.* 5.    Upon this principle, in *Massachusetts*, whence many of our laws and usages are derived, it has been decided, that records of proprietors are not admissible evidence of their recent transactions, without producing the warrant calling the meeting; but in a transaction " seventy years agone," it is not required. *Mass. Dig.* 264.    *Monumoi* v. *Rogers*, 1 *Mass. Rep.* 159.    And copies of *ancient* proprietary grants are admissible, without shewing the meeting lawfully holden.    *Pitts* v. *Temple*, 2 *Mass. Rep.* 538.    To the suggestion that this survey was not admissible, unless proved to have been accepted by the town, it is a sufficient answer, that towns were first authorised *to do this*, in *May*, 1773.(*a*)    But at the time of the survey in question, the select men(*b*) were empowered, by themselves, or others,

_____

(*a*) *Statutes*, page 380. revision of 1750.    (*b*) *Ibid.* p. 88.

New-Haven,
June,
1819.

Fowler
v.
Savage.

by them appointed, to lay out highways ; and it is worthy of remark, that the statute did not require their proceedings to be reported to the town, or recorded.

Verdicts and judgments are admissible, and *conclusive* evidence between parties and privies, whenever the same fact or right is drawn in question. It is however said, that this record is "*res inter alios acta.*" But the plaintiff is the same, and had an opportunity of vindicating his right against *Kelsey*, and those under whom he justified. In that case, the exclusive right of the plaintiff, and the public right of the defendant, and *all others*, were drawn in question, and passed *in rem judicatam.* Our judicial proceedings will never come to " a finite end," if public officers, who are bound to remove encroachments from highways, and keep them in repair, are liable to be sued for repeating the *same* acts, in the *same* place, *in infinitum.* If the *justification* of *Calvin Kelsey*, under the authority of the select men, did not make them and their successors "*privies in law*," this controversy is interminable.(*c*) *Fowler* may be subjected, in *qui tam* prosecutions,(*d*) for his encroachments ; and every select man and citizen of *Middletown*, justified in removing them ; and yet the public right of way remain unsettled ! A doctrine fraught with such consequences cannot be law : " *Interest Reipublicæ ut sit finis litium.*"

The effect of verdicts and judgments in evidence has long been a *questio vexata ;* but to vindicate the decision of the court, it is not necessary to prove *it* conclusive ; it is enough to prove *them* admissible ; and this seems to be agreed in all cases of parties, privies and public rights. *Swift's Ev.* 19. *Phil. Ev.* 233. But as the charge under consideration seems to have fallen short of a recent decision of this court, silence would be an acquiescence.

It has, indeed, been said, by a Judge, whose opinions I highly respect, in *Church* v. *Leavenworth*, 4 *Day* 274. 277. ' That a verdict, when offered in evidence, on an issue in fact, is *never conclusive ;* and is never a conclusive bar, unless in the former case, issue was joined on a precise point, and the verdict is specially pleaded by way of estoppel." For this reliance is placed on the opinion of Ld. *Ellenborough,* in *Outram* v. *Morewood,* 3 *East* 346. who, in support of this doctrine, carries

(*c*) *Co. Litt.* 352. *a.*    (*d*) *Statutes, tit.* 77.

*New-Haven,*
June,
1819.

Fowler
*v.*
Savage.

us back to the year-books, where all pleadings were by parol. 2 *Reeve's Hist.* 267. But in this case, " issue was joined on a precise point ;" and " it is difficult to assign a reason, why a judgment should not have the same *conclusive* operation, if given in evidence, as it would be admitted to have, if pleaded in bar," especially when, by statute, " the defendant may give in evidence under the general issue, his title, or any other matter in his defence or justification, except some act of the plaintiff, whereby the defendant is saved or acquitted." Many cases have been cited : a few have satisfied my mind. In *Rex* v. *St. Pancras, Peake's Ca.* 219. it was holden by Lord *Kenyon*, that a conviction of one parish for not repairing a road, was *conclusive* evidence for *another* parish indicted for not repairing the same road ; and in *Whately* v. *Menheim & Levy,* 2 *Esp. Rep.* 608. charging them as co-partners, it was decided by the same learned judge, that a verdict on an issue between the defendants, finding them co-partners, was *conclusive* evidence in favour of *Whately ;* and in *Strutt* v. *Bovingdon* & al. 5 *Esp. Rep.* 58. (subsequent to *Outram* v. *Morewood,*) in an action for obstructing a water-course, Lord *Ellenborough* thought himself *bound* to tell the jury, that a verdict in favour of the plaintiff against *Bovingdon only,* for a previous obstruction of the same water-course, was " admissible and *conclusive* evidence of the rights of the parties," and against all the defendants. " The question on that record," said his lordship, " was a question of *right ;* three of the counts in the former cause and in the present, stating the right claimed by the plaintiff, and the obstruction by the defendants, were nearly in the same words ; and the places where the obstruction was laid, were proved to be the same." In the duchess of *Kingston's* case, 11 *St. Tr.* 261. it is said by Lord Ch. J. *De Grey,* " that the judgment of a court directly on the point, is, as a plea, or as *evidence, conclusive* between the same parties, on the same matter directly in question in another court." And in the court of appeals of *Virginia, Shelton* v. *Barbour,* 2 *Wash.* 64. it was decided, that " between parties and privies to the former suit, the verdict is *conclusive* evidence." But the case of *Canaan* v. *Greenwoods Turnpike Co.,*1 *Conn. Rep.*1. 7. is," *instar omnium,*" wherein the same doctrine is explicitly laid down by *Trumbull,* J., in delivering the opinion of the court. " A judgment," says the learned judge, " decree, sentence or order, passed by a court of competent jurisdiction, which creates or changes a title, or

any interest in estate, real or personal, or which settles and determines a contested right, or fixes a duty on one of the parties litigant, is not only final as to the parties themselves, and all claiming by or under them, but furnishes *conclusive* evidence to all mankind, that the right, interest or duty belongs to the party to whom the court adjudged it.   It is admissible evidence in favour of any person, who may be interested to prove the existence of such right or duty as a fact." I, therefore, do not advise a new trial.

HOSMER, Ch. J., being an inhabitant of the town of *Middletown,* declined giving any opinion.

New trial to be granted.