LOUISA M. HANNAFORD *vs.* CHARLES RIVER TRUST COMPANY.

Middlesex.   October 20, 1921. — March 31, 1922.

Present: RUGG, C. J., CROSBY, CARROLL, & JENNEY, JJ.

*Evidence*, Competency, Of value.   *Mortgage*, Discharge.

At the trial of an action at law to recover damages in contract or tort for the alleged wrongful discharge of a mortgage, the record in a suit in equity involving the validity of the mortgage, in which the plaintiff in the action at law was a party and the defendant was not a party and in which the final decree declared that the mortgage was fraudulent and that the plaintiff in the action at law had no title under it, is admissible for the purpose of showing that the mortgage was of no value and that by discharging it the defendant had done nothing which in any way injured the plaintiff.

CONTRACT OR TORT, to recover damages for the alleged wrongful discharge of a mortgage of real estate. Writ dated February 15, 1920.

In the Superior Court the action was tried before *Bishop,* J. Material evidence and exceptions saved by the defendant are described in the opinion. The jury returned a verdict for the plaintiff in the sum of $5,000; and the defendant alleged exceptions.

*F. D. Healy,* for the defendant.

*A. L. Richards,* for the plaintiff.

CARROLL, J. In this action the plaintiff seeks to recover damages in tort or contract for the alleged wrongful discharge of a

mortgage. Frank and Anna Hannaford, brother and sister of the plaintiff, on September 21, 1910, mortgaged the farm owned by them for $13,000. In February, 1912, at which time Frank and Anna Hannaford were indebted to one William Hayden, they executed and delivered to the plaintiff a promissory note for $5,000, secured by a second mortgage on the farm. In March, 1916, the plaintiff borrowed from the defendant the sum of $600, and as security therefor executed and delivered to the defendant an assignment of the second mortgage. In 1917 she paid the loan of $600, and requested the reassignment of the mortgage to herself. The defendant did not reassign the mortgage, but discharged it, and on January 23, 1917, recorded the discharge. The present action is to recover from the defendant because of this discharge of the mortgage. In March, 1917, Hayden brought a suit in equity against Frank, Anna, Mary E. and Louisa M. Hannaford, to set aside the mortgage of $5,000 given to the plaintiff, as fraudulent, because given to hinder, delay and defraud the creditors of Frank and Anna Hannaford. The defendants in that suit answered, but did not allege that the mortgage given to Louisa M. had already been discharged of record. In the suit in equity, on August 3, 1917, a final decree was entered that the note and mortgage were fraudulent and void; that Frank and Anna were indebted to the plaintiff Hayden in the sum of $4,700; that execution was to issue against them for said sum and $62.60 interest, and execution for costs amounting to $47.76 was to issue against all the defendants. These amounts were collected by Hayden from the surplus left in the hands of the first mortgagee after the foreclosure of the first mortgage, and these payments made to Hayden exhausted the surplus. Frank and Anna Hannaford, in January, 1918, were adjudged bankrupts, having large liabilities and no assets. Subsequently they received their discharge and the plaintiff has been unable to collect anything on the note secured by the second mortgage.

At the trial the defendant offered the record in the equity suit of Hayden against the Hannafords to contradict the plaintiff and her witnesses, to show the amount of damages and to show that the mortgage in question, given to the plaintiff, was not a valid mortgage. The judge admitted the record for the purpose of contradicting statements made as to the amount of Hayden's debt, and

instructed the jury to disregard the record for all other purposes. To these rulings and the exclusion of the record in the equity suit for the purposes claimed, the defendant excepted.  The record states that the sole question raised is whether "the record and judgment in the suit of Hayden *v.* Hannaford et al. was admissible in evidence to show that the mortgage in question was fraudulent and void, and that, therefore, there was no liability, or no damage, or only nominal damage in the case at bar; and whether, in view of this evidence, the court should have directed a verdict for the defendant."  The jury found for the plaintiff.

The wrong of which the plaintiff complains is the discharge of a mortgage, which has been set aside as of no value in a proceeding to which she and all other parties to the mortgage were parties. By reason of the decree in that case the mortgage was fraudulent and voidable as against existing creditors of the grantor.  See *Rolfe* v. *Clarke*, 224 Mass. 407, 411, and there is no possibility of reviving it or giving it any value whatever and even if the defendant assigned the mortgage instead of discharging it the plaintiff at no time could receive anything from it.

While it is a general rule that a judgment is not evidence in another suit except where the parties are the same or their privies are litigating in regard to the same subject of controversy, *Burlen* v. *Shannon*, 3 Gray, 387, and although the doctrine of *res judicata* does not apply, *Old Dominion Copper & Smelting Co.* v. *Bigelow*, 203 Mass. 159, 217, and the equity suit was not strictly a proceeding *in rem* (see *Allred* v. *Smith*, 135 N. C. 443) the fact remains that the instrument was worthless and the best evidence of this was the decree of the court declaring it to be of no effect.  The record shows that after the first mortgage was foreclosed, the surplus remaining was entirely exhausted by the payment of Hayden's claim.  In these circumstances it is plain that the defendant has done nothing which in any way injured the plaintiff and it would be an injustice to deny the defendant the right to show the true value of the mortgage deed and to introduce in evidence the record in the suit of Hayden *v.* Hannaford et al. in order to show that the mortgage now relied on as valid was declared to be of no effect and unenforceable.  The decree in the equity suit binds the plaintiff.  It declared that she had no title under the mortgage; that it was fraudulent; and it is not now open to her to

rely on it as valid against the defendant. It follows from this that the record in the equity suit was admissible in evidence and it establishes the fact that the mortgage was of no value.

*Exceptions sustained.*