LOUISA M. HANNAFORD *vs.* CHARLES RIVER TRUST COMPANY.

Middlesex.    January 7, 8, 1924. — February 28, 1924.

Present: RUGG, C.J., DECOURCY, CROSBY, PIERCE, & WAIT, JJ.

*Mortgage,* Discharge.    *Law of the Case.*

An exception will not be sustained to the refusal of a request for a ruling which is predicated upon facts which the evidence conclusively shows are not true.

While it is true that a mortgage and a mortgage note given in fraud of creditors may be good as against the mortgagor, and so not absolutely void, in legal parlance such a mortgage is void as against creditors who assert their rights to avoid it, whether their claims were in existence at the time it was delivered or arose subsequently; and, at the trial of an action of tort where the validity and value of such a mortgage was an issue, no prejudicial error arises from a refusal to grant a request for a ruling in the following words: "The purpose to hinder, delay, or defraud creditors by making a conveyance will not render such a conveyance void but merely renders such a conveyance voidable by creditors."

At the trial of an action where the value of a mortgage of real estate which had been adjudicated fraudulent and void was an issue, it is proper to refuse a request for a ruling of law applicable only to mortgages and pledges of personal property.

Where, at the trial of an action for damages resulting from the unlawful discharge of a mortgage of real estate, it appears that the defendant improperly discharged the mortgage, but that it was worthless because fraudulent and void as to creditors, it is proper to order a verdict for the plaintiff in the sum of $1.

*Hannaford* v. *Charles River Trust Co.* 241 Mass. 196, affirmed.

CONTRACT OR TORT to recover damages for the alleged wrongful discharge of a mortgage of real estate. Writ dated February 15, 1920.

In the Superior Court, the action first was tried before *Bishop,* J., when a verdict was returned for the plaintiff in the sum of $5,000. Exceptions by the defendant were sustained, the decision being reported in 241 Mass. 196.

The action then was tried before *Cox,* J. It appeared that Frank and Anna Hannaford, brother and sister of the plaintiff, on September 21, 1910, mortgaged a farm owned by them for $13,000. In February, 1912, at which time Frank and Anna Hannaford were indebted to one William Hayden, they executed and delivered to the plaintiff a promissory note for $5,000, secured by a second mortgage on the farm. In March, 1916, the plaintiff borrowed from the defendant the sum of $600, and as security therefor executed and delivered to the defendant an assignment of the second mortgage. In 1917 she paid the loan of $600, and requested the reassignment of the mortgage to herself. The defendant did not reassign the mortgage, but discharged it, and on January 23, 1917, recorded the discharge. The present action is to recover from the defendant because of this discharge of the mortgage.

In March, 1917, Hayden brought a suit in equity against the plaintiff in this suit and Frank, Anna and Mary E. Hannaford, for the purpose among others of setting aside the mortgage of $5,000 given to the plaintiff, as fraudulent because given to hinder, delay and defraud the creditors of Frank and Anna Hannaford. The defendants in that suit answered, but did not allege that the mortgage given to Louisa M. already had been discharged of record. In that suit, on August 3, 1917, a final decree was entered that the note and mortgage were fraudulent and void; and that Frank

and Anna were indebted to the plaintiff Hayden in the sum of $4,700 and interest. A first mortgage on the premises then was foreclosed and Hayden collected his judgment from a surplus left in the hands of the first mortgagee after the foreclosure sale. These payments to Hayden exhausted that surplus. In January, 1918, Frank and Anna Hannaford were adjudged bankrupts, having large liabilities and no assets, and they subsequently received their discharge. The plaintiff was unable to collect anything on the note secured by the second mortgage.

Other material facts are described in the opinion. At the close of the evidence, the plaintiff asked for the following rulings:

" 1. If a mortgage and mortgage note are given by the mortgagor and received by the mortgagee in settlement of a pre-existing debt due from the mortgagor to the mortgagee, the mortgage and mortgage note stand in place of the pre-existing debt and this payment of the pre-existing debt is a valid and sufficient consideration for the mortgage and mortgage note, no matter how large or how small the pre-existing debt may have been. To be a consideration for a mortgage and mortgage note a debt need not be for the same amount as the amount of the mortgage and mortgage note.

" 2. The mere fact that the plaintiff cannot render a correct and exact statement of the sums that were due her from Frank and Anna Hannaford at the time they gave her the mortgage and mortgage note would not prevent there being a good consideration for the mortgage if all parties thereto knew that at least the amount of said mortgage was due from Frank and Anna to Louisa or that some amount was due as a legal obligation and if they all agreed that the mortgage and mortgage note should be payment of that obligation or debt, whatever it was.

" 3. When a person performs services at the request of another in carrying on the business of the person making the request an implied contract arises that the person receiving such services shall pay a fair price for the same unless there are other circumstances to prevent such an implied contract.

" 4. The validity of a debt or obligation is not affected

by the fact that the creditor kept no books and cannot give the year in which the debt arose or the exact amount thereof.

" 5. The purpose to hinder, delay, or defraud creditors by making a conveyance will not render such a conveyance void but merely renders such a conveyance voidable by creditors.

" 6. If a loan of less than $1,000 is secured by a mortgage or pledge of personal property and the lender, upon payment or tender to him of the amount legally due upon said loan, refuses or neglects after request to restore the property held as pledged the lender is liable in an action of tort to the borrower for all damages resulting to the borrower from such refusal or neglect.   G. L. c. 140, § 94.

" 7. The jury, in awarding damages, should give proper consideration to the period of time that has elapsed subsequent to the date of the injury and up to the time of rendering the verdict.

" 8. The jury, in computing damages, should award the fair value of the mortgage at the time it was discharged.

" 9.   If the jury should find that Frank and Anna owed money to others as well as to Louisa at the time that they settled with Louisa by giving her the mortgage and mortgage note, and that the mortgage and mortgage note was a preference, such facts would be insufficient to prevent the plaintiff from recovering in this case.

" 10. If the jury should find that the mortgage and mortgage note were given for the purpose of defrauding the creditors of Frank and Anna Hannaford, such a finding would not exonerate the defendant from liability for discharging instead of reassigning to the plaintiff the said mortgage.

" 11. A conveyance of property made on a meritorious consideration as of blood or affection only, is not *per se* fraudulent as against creditors.

" 12. The discharge of mortgage executed by the Charles River Trust Company which has been put in evidence did not operate by way of equitable assignment or otherwise to give Louisa Hannaford any benefit or interest which the jury can consider in this case in mitigation of damages.

" 13. If, after the said discharge, the equity of redemption

was attached by  creditor who had no notice that the discharge was by mistake, such attachment would take precedence of any possible claim of Louisa by reason of the mortgage against the property."

" 15. The decision of the court in the said suit brought by Hayden is only evidence and the jury is not bound in this case to find the same as the court did in that case, but should decide according to the facts as they believe them to be from the evidence of that decision and the other evidence in this case.

" 16. All courts and juries are bound to decide questions of fact according to the evidence before them and it is legally possible and may be proper for different tribunals to decide the same questions in opposite ways, according to their varying views of the evidence or by reason of the evidence being different in different cases."

All of the above rulings were refused.  The trial judge submitted to the jury the single question, whether the second mortgage to the plaintiff was discharged by the defendant at the plaintiff's request.  The jury answered the question in the negative.  The judge thereupon ordered a verdict for the plaintiff in the sum of $1.  The plaintiff alleged exceptions.

*A. L. Richards,* for the plaintiff.

*G. K. Richardson,* for the defendant.

PIERCE, J.   After the decision and rescript, " Exceptions sustained," in this case, reported as *Hannaford* v. *Charles River Trust Co.* 241 Mass. 196, the case was tried again in the Superior Court and by direction of the judge a verdict for the plaintiff in the sum of $1 was returned by the jury. To the order directing a verdict and to the refusal to give certain requests for rulings the plaintiff excepted.  The bill of exceptions contains all the evidence material to the questions presented thereby.

The issues raised at the former trial were whether " the record and judgment in the suit of Hayden v. Hannaford et al. was admissible in evidence to show that the mortgage in question was fraudulent and void, and that, therefore, there was no liability, or no damage, or only nominal damage in

the case at bar; and whether, in view of this evidence, the court should have directed a verdict for the defendant." The plain and unmistakable import of the former decision, which is the law of the case, is that the mortgage held by the plaintiff was fraudulent and voidable as to existing creditors, was worthless as an instrument as against creditors, and that the discharge of the mortgage on the facts then before the court in no way injured the plaintiff. It is equally plain on the facts as they then appeared that the plaintiff was entitled to recover no more than nominal damage. It was assumed at the former trial, and found as a fact by the jury at the second trial, that the mortgage was not discharged by the defendant at the request of the plaintiff.

At the new trial, in addition to the facts reported in the opinion above referred to (which need not be quoted) it appeared that the Hayden case was a suit in relation to a chattel mortgage; that it combined a claim in the nature of equitable replevin to recover the mortgaged chattels with a bill to have the plaintiff's mortgage and also one to her sister declared fraudulent and void; and prayed " that said notes and mortgages be delivered up by them for cancellation." It further appeared that the equitable replevin aspect of the case was abandoned; that there was no decree for the delivery or cancellation of either mortgage; that the plaintiff took out a special precept of attachment and took a money decree for $4,700 with interest and costs against the estate; that Hayden, after the decree, at a conference agreed in substance that he would not " execute," would not take judgment against the estate, but would buy the property at a foreclosure sale and in that way get enough to pay his claim of $4,700 and the plaintiff's mortgage. It is to be observed that the court found in the Hayden case, *supra*, that the mortgage in question was without consideration, was given for the purpose of hindering, delaying and defrauding the mortgagors' creditors; that Louisa M. Hannaford, the plaintiff, knew and joined in said fraudulent purpose; and that the mortgages were not given " particularly to defraud the plaintiff [Hayden]."

The plaintiff's requests numbered 1, 2, 3 and 4 were

denied rightly, each of them resting upon the assumed fact, which the Hayden case negatived, that there was a consideration for the mortgage and mortgage note. It is true that a mortgage and mortgage note, given in fraud of creditors, may be good as against the mortgagor, and so not absolutely void; but in legal parlance such a mortgage is void as against creditors who assert their rights to avoid it. *Sherman* v. *Davis*, 137 Mass. 132. It is also true that such a mortgage and mortgage note are voidable by future creditors, when voidable as against creditors existing when the conveyance was made. *Livermore* v. *Boutelle*, 11 Gray, 217. *Wadsworth* v. *Williams*, 100 Mass. 126. *Day* v. *Cooley*, 118 Mass. 524, 527. *Dodd* v. *Adams*, 125 Mass. 398. *Woodbury* v. *Sparrell Print*, 187 Mass. 426. The request numbered 5 was properly denied.

The plaintiff's request numbered 6 was inapplicable to discharge of mortgages of real estate, and the statute, G. L. c. 140, §§ 91, 94, cited is applicable only to mortgages and pledges of personal property. The requests numbered 7 and 8 are not applicable where, as here, the note which the mortgage was given to secure was without consideration: they were rightly denied. The request numbered 9 was rightly denied: the facts present no question of preference upon which the jury could be called upon to pass. The refusal to give request numbered 10 was cured by the direction to find a verdict for the plaintiff; it raises no question of the amount of damages a plaintiff is entitled to recover in such circumstances. The request numbered 11 was refused rightly: the evidence raises no question of the validity of this mortgage because the conveyance of it was upon a consideration of blood or affection. There was no error in the refusal to give the requests numbered 12, 13, 15 and 16.

Upon all the evidence contained in the bill of exceptions, we think the case presented at the second trial in every substantial particular was the case heard at the first trial; and that the opinion and rescript in the case as reported in 241 Mass. 196 required, in such event, the ruling that the plaintiff was entitled to receive nominal damages only for the failure of the defendant to reassign the mortgage.

*Exceptions overruled.*