MONKS v. HURLEY et al.

No. 223.

District Court, D. Massachusetts.

June 4, 1942.

See, also, 28 F.Supp. 600.

Herbert S. Avery and Walter E. Doherty, Jr. (of Avery, Dooley, Post & Carroll), all of Boston, Mass., for plaintiff.

Mayo A. Shattuck and Stuart Macmillan (of Haussermann, Davison & Shattuck), all of Boston, Mass., for defendants.

Murray F. Hall and Goodwin, Proctor & Hoar, all of Boston, Mass., for defendant D. J. Hurley.

SWEENEY, District Judge.

The matter before the court is a motion of the defendant trustees to dismiss and for judgment, which will be treated as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. For the purpose of this motion the liability of the defendant administrator need not be considered for reasons which will subsequently appear.

This is an action against the administrator of the estate of Allan Bradford Monks, deceased, and the trustees under the will of John P. Monks to recover on certain obligations allegedly owed the plaintiff.

The complaint states that Allan Bradford Monks, hereinafter referred to as Monks, was a grandson of John P. Monks, and that by the terms of a trust established under the will of the latter, in 1911 he received a vested interest in the trust fund. It alleges that in 1928, while living in California, Monks, in consideration of certain sums of money advanced to him by the plaintiff, hereinafter referred to as Giraudo, executed and delivered to Giraudo a series of promissory notes having an aggregate face value of $30,000; that, as security for the payment of these notes, Monks assigned to Giraudo an undivided one-tenth interest in the estate of his grandfather. The assignment was made by means of an instrument described as a chattel mortgage, which has been recorded in Massachusetts. It further alleges that, subsequent to the execution of these notes and chattel mortgage, Monks and Giraudo were married, and that thereafter Monks gave Giraudo an irrevocable power of attorney to enable her to collect the assigned interest.

Besides the notes, chattel mortgage, and the power of attorney, the complaint sets up two other instruments on which the liability of the defendant trustees is allegedly founded. One is a notice and order to the trustees dated August 15, 1928, allegedly sent by Monks, informing them of the notes given to Giraudo, and ordering them to pay her all sums due him from his grandfather's estate. The other instrument declared upon is an alleged acceptance of this order purportedly signed by defendant Barker on behalf of himself and his co-trustees, dated August 28, 1928. Copies of all the above mentioned instruments, excepting the notes, are appended to the complaint. There is also an allegation that further written notice of Giraudo's claim was given the defendant trustees on December 30, 1930.

The relief sought by the plaintiff, so far as it pertains to the defendant trustees, is that they be enjoined from paying over income or principal, which has accrued on behalf of Monks or his estate, to anyone other than the plaintiff; that they be ordered to pay such funds as are due Monks or his estate to the plaintiff; that the amount of income due Monks between certain specified dates be determined; that the trustees be ordered to recognize the various instruments declared upon; that they be adjudged indebted to the plaintiff, and

that execution issue against them for such sums as are due, and for such further relief as the court deems just and equitable.

The defendant trustees contend that the action against them should be dismissed because the issue with regard to their liability to the plaintiff has been adjudicated in an action in the Superior Court of Suffolk County, Commonwealth of Massachusetts. Further, they assert that all the instruments set up in this action were obtained by fraud and undue influence, and were so determined by the Superior Court of San Diego County, California, in an action against this same plaintiff. A copy of the findings and final decree in the Massachusetts Superior Court action is attached to the trustees' motion for summary judgment, and certified copies of the California Court proceedings have been submitted to the court.

Because the question of the admissibility of the California judgment as evidence in this action is at once apparent, that point will be considered first. That action was brought by a special administrator of the estate of Monks, appointed in California, against Giraudo, the present plaintiff, seeking a declaratory judgment with regard to the validity of a large number of instruments in Giraudo's possession, which the special administrator feared might be asserted as a claim against Monks' estate. Among the instruments put in issue in the California proceedings were the identical notes, the so-called chattel mortgage, and the power of attorney on which her claims here are founded. The California court found that all of these instruments were obtained by the fraud and undue influence of Giraudo, and they were declared null and void. Further, Giraudo was ordered by the court to deliver them up to the Clerk of the Court for physical cancellation. The judgment and decree of the Superior Court was appealed, and was affirmed by the California District Court of Appeal, Fourth Appellate District. In re Monks' Estate, 48 Cal.App.2d 603, 120 P.2d 167.

 Since the California action was between a special administrator appointed in that state and the plaintiff in this action, it clearly is not res judicata on the question of fraud here, for none of the defendants in this action are privy to the special administrator appointed in the State of California. Restatement of Conflict of Laws § 511(1); Frost v. Thompson, 219 Mass.

360, 367, 106 N.E. 1009; Low v. Bartlett, 8 Allen, Mass., 259. Under the present state of the law of evidence, not only would the California judgment fail to constitute an estoppel to Giraudo's action here with regard to the instruments involved in that suit, but it would also be inadmissible in evidence as bearing on this question of fraud. 5 Wigmore on Evidence, Third Ed., § 1671a. However, that judgment would be admissible as evidence of its own existence and to determine its legal effect on any party to it. Compare: Hannaford v. Charles River Trust Co., 241 Mass. 196, 134 N.E. 795; Fowler v. Savage, 3 Conn. 90, 100, 101. Thus, for the purpose of this motion, the California judgment will be considered only to the extent that it affects Giraudo's standing in this court in view of the fact that the California court has ordered her to surrender these instruments to the Clerk for cancellation.

The suit in the Superior Court of Suffolk County, Massachusetts, was brought by Giraudo against the trustee defendants to this action, as trustees under the will of John P. Monks, and, also, individually against the defendant Archibald G. Monks. The trustee defendants in their motion for judgment state that any and all alleged claims which Giraudo has asserted against them in this action were put in issue in those proceedings.

The only record of the state court action, which is presently before the court, is the copy of the findings and decree appended to the defendants' motion; and though, for the purpose of this motion, it will be treated as a true copy, since it has not been disputed by the plaintiff, nevertheless, standing alone, it is insufficient to entirely substantiate the defendants' claim of estoppel. An examination of the findings and decree does not disclose that the original cause of action in those proceedings and the present one are the same. On the contrary, it appears that the basis of the suit there was a note signed by the defendant Archibald G. Monks. Hence, a judgment in the other suit constitutes an estoppel only as to such issues as were directly litigated and which formed the basis of the prior judgment or decree. Southern Pacific R. Co. v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355, 377; Marcus v. Richardson, 299 Mass. 11, 13, 11 N.E.2d 599. The party claiming the estoppel has the burden of proving what matters were put in issue beyond those which are apparent from the record in the other suit. Butler v. Martin, 247 Mass. 112, 118, 141 N.E. 668. Though the findings and decree in the Superior Court action refer to a cross-bill and various counterclaims which were considered in those proceedings, there is nothing to indicate what matters were considered with regard to them. The only issues present in this action, which a reading of the state court findings and decree discloses were adjudicated there, are with regard to the liability of the defendant trustees to Giraudo on account of the alleged notice and order to the trustees and the acceptance by them. Concerning this, the state court, after having found that the principal note sued upon constituted a "deliberate, bold and resourceful design to impose a fraudulent claim", stated that the alleged acceptance was a complete forgery, and that the signature of a witness on the purported notice and order was also a forgery. It further held: " * * * the plaintiff does not now have, and at no time has had, any valid or enforceable claim against the Defendants Archibald G. Monks and B. Devereux Barker either individually or as Trustees under the Will of John P. Monks, either by reason of said instruments or any of them, or by reason of any alleged oral or written agreement, express or implied, between said Plaintiff and either or both of said Defendants so far as the same was the subject of the testimony at the trial of this suit in the hearings before this Court."

It is therefore clear that the question of the defendant trustees' liability on account of the notice and order to them and their supposed acceptance is res judicata between the parties to this action. But, without further evidence as to other issues litigated in the state court, that action cannot, for the purpose of this motion, be considered res judicata to the entire liability of the defendant trustees under the complaint involved in this suit. This is so because the findings in the other action do not show that the notes involved in this action were considered there, and the complaint in this action states that other written notice to the trustees of Giraudo's claim, besides the one just discussed, was given in 1930. Thus, they might be liable in equity as a consequence of this added notice (see Restatement of the Law of Trusts, § 226 c.; Davis v. Hutchings, [1907] 1 Ch. 356), unless Giraudo's standing in this action is

such, in view of the matters which are already concluded against her, that she should be denied any equitable relief.

■ The new rules of procedure have abolished the distinction between legal and equitable forms of action. Rule 2, Federal Rules of Civil Procedure. However, the distinction which has been abolished is a procedural and not a substantive one. 1 Moore's Federal Practice, p. 144; 17 Hughes, Federal Practice, § 18563; Bellavance v. Plastic-Craft Novelty Co., D.C., 30 F.Supp. 37, 39; Grauman v. City Company of New York, D.C., 31 F.Supp. 172, 173, 174. Where the subject matter of a civil action is such as would be cognizable exclusively in equity under the old practice, and therefore governed by equitable principles, such principles would be equally applicable to such an action today. The new rules have not abrogated equitable doctrine, and the instant case seems to present a clear situation in which the plaintiff should be denied equitable relief because she has not come into court with clean hands.

■ Regardless of any legal claim the plaintiff might have had against the trustees individually, had the supposed acceptance by them of Monks' order not been a forgery, the nature of the relief sought by the complaint as well as the remedies available to the plaintiff against the trustees or against Monks' interests in their hands as his creditor or assignee show that the cause of action against them, as it now stands, is solely cognizable in equity. Clews v. Jamieson, 182 U.S. 461, 21 S.Ct. 845, 45 L.Ed. 1183, 1192; Brown v. Fletcher, 235 U.S. 589, 35 S.Ct. 154, 59 L.Ed. 374, 378; and compare Security Bank of New York v. Callahan, 220 Mass. 84, 107 N.E. 385; Smith's Lessee v. McCann, 24 How. 398, 16 L.Ed. 714, 717. Hence, in considering her claim against the defendant trustees, this court would act in the capacity of a court of equity; and, as was said in Deweese v. Reinhard, 165 U.S. 386, 17 S.Ct. 340, 341, 41 L.Ed. 757, 758: "A court of equity acts only when and as conscience commands, and, if the conduct of the plaintiff be offensive to the dictates of natural justice, then, whatever may be the rights he possesses, and whatever use he may make of them in a court of law, he will be held remediless in a court of equity."

■ A material part of the plaintiff's alleged cause of action against the defendant trustees rests on two instruments which have conclusively been found to be colored by fraud. One, the alleged order and notice to the trustees, bears a forged signature of a witness; and the other, the alleged acceptance, is a complete forgery. She thereby comes into court with unclean hands so far as the trustees are concerned.

■ With regard to the order of the California court that the plaintiff surrender the instruments set up in this action to the Clerk of that Court for cancellation, though, of course, this court cannot enforce that order (Restatement of Conflict of Laws, § 447, Comment b) it should, nevertheless, be reluctant to extend its equitable relief to the plaintiff where to do so would require that she disregard that order and decree. Compare State ex. rel. New York C. & St. L. R. Co. v. Nortoni, 331 Mo. 764, 55 S.W.2d 272, 85 A.L.R. 1345.

I find that the plaintiff has not come into court with clean hands with regard to her claim against the defendant trustees, and therefore their motion for summary judgment is allowed.

Since this motion was brought on behalf of the defendant trustees independently, the liability of the defendant Hurley, administrator, has not been considered.