JULIUS FEIERSTEIN *vs.* PLYM-CO. SHOE & SEWING
MACHINE CO., INC.

Suffolk.  March 8, 1955. — June 8, 1955.

Present: QUA, C.J., RONAN, WILKINS, & WILLIAMS, JJ.

*Equity Jurisdiction,* Trust, Accounting.  *Trust,* What constitutes.  *Evidence,* Relevancy and materiality.  *Damages,* For breach of contract.

A case within equity jurisdiction was set forth by a bill for an accounting by the defendant, a corporation, with respect to a sum in its hands under a written agreement whereby the defendant purchased all the plaintiff's stock in the defendant for a stated price and withheld the

sum in question from the price and held such sum in trust as a reserve against possible uncollectibility of accounts receivable of the defendant listed in the agreement and for payment in whole or in part to the plaintiff depending on the amounts collected on the accounts receivable. [673]

In a suit in equity against a corporation for an accounting with respect to a sum withheld by the defendant from the purchase price of stock in it bought by it from the plaintiff in accordance with an agreement that such withheld sum should be held by it in trust as a reserve against possible uncollectibility of its accounts receivable and should be paid to the plaintiff in whole or in part depending on the amounts collected on the accounts, which were not to be compromised without the plaintiff's consent, it was reversible error for the trial judge to exclude evidence offered by the defendant of the circumstances connected with compromises of various accounts by it without the plaintiff's consent in breach of the agreement in order to show that as a practical matter no more money could have been collected than was collected by the defendant on such accounts and therefore that the plaintiff did not sustain damage by reason of the breach. [674]

BILL IN EQUITY, filed in the Superior Court on January 25, 1952, for an accounting.

An interlocutory decree overruling a demurrer was entered by order of *Hanify*, J. The suit was heard by *O'Brien*, J., who made findings of material facts. The evidence was reported.

*John C. Johnston*, (*Edward S. Stutman* with him,) for the defendant.

*George R. Farnum*, for the plaintiff.

RONAN, J. This is an appeal by the defendant from a final decree entered in a suit in equity adjudicating that the defendant was indebted to the plaintiff in a certain amount which the defendant was ordered to pay with interest and costs.

The defendant contends that there was error in overruling its demurrer. If we assume without deciding that the sufficiency of the bill is open on a final decree although no appeal was taken from the decree overruling the demurrer, it is plain that the bill set forth a case within equity jurisdiction. It appeared from the bill that a written agreement between the plaintiff and the defendant was executed on May 5, 1951, whereby the plaintiff sold and the

defendant purchased all the plaintiff's shares of the capital stock of the defendant, together with all the plaintiff's interest, if any, in a certain realty trust, for the sum of $29,000. Payment was to be made by the defendant as follows: The plaintiff was to be credited with $1,000 which he owed the defendant. The plaintiff was to be paid $25,000, and the defendant was to withhold $3,000 to be held in trust by it as a reserve against the possible uncollectibility of the accounts receivable which were set forth in a schedule attached to the written agreement. When the accounts were reduced, by payment to the defendant, to the sum of $9,000, the plaintiff was to be reimbursed every thirty days to the extent of one third of the amount collected on said balance of $9,000 until the entire balance was fully paid. During the liquidation of said accounts and until they were paid in full the defendant agreed to furnish to the plaintiff monthly statements showing the dates and the amounts received. Both parties agreed that no credits had been or would be given on the accounts receivable without their written consent. The defendant agreed not to assign the said accounts. In case the defendant discontinued its business then the said $3,000 or any remaining amount in its hands was to be transferred to counsel for both parties as joint trustees to be held by them in escrow until the final disposition as to all of the remaining accounts receivable. Any of the scheduled domestic accounts not paid by September 1, 1951, were to be turned over to a certain mercantile agency for collection and the expenses of the agency were to be paid one third by the plaintiff and two thirds by the defendant. Those of the scheduled accounts not paid by May 1, 1952, were to be treated as uncollectible and charged off as bad debts and "the seller . . . [was] to receive one third ($\frac{1}{3}$) of said trustee or escrow fund and the buyer . . . [was] to receive two thirds ($\frac{2}{3}$) of said trustee or escrow fund." The plaintiff was given the right to take over any such bad debt upon payment of two thirds of its amount to the defendant.

The relation between the parties was more than that of

creditor and debtor. The defendant was holding $3,000 of the purchase price which was to be paid out of the proceeds from the collection of the accounts receivable and became available to the plaintiff when all but $9,000 had been collected and the plaintiff then became entitled to be reimbursed monthly as the accounts thereafter were collected. No account was to be compromised without the written consent of the plaintiff. This was for the benefit of the plaintiff for the more money collected the more the plaintiff would receive of the $3,000 withheld by the defendant, or, in other words, the less the balance of the $9,000 became the more the plaintiff would receive. The defendant agreed not to assign the accounts receivable. Unpaid accounts were to be turned over to a collecting agency at a proportionate expense to both parties. There was no provision for the payment of interest to the plaintiff. That may not be decisive. *Old Colony Trust Co.* v. *Puritan Motors Corp.* 244 Mass. 259. *Povey* v. *Colonial Beacon Oil Co.* 294 Mass. 86. But neither party intended that the $3,000 was a loan from the plaintiff. It is expressly stated that it was held in trust and provisions were made as to the holding of the fund as a trust in the event that the defendant ceased to do business. The beneficial interest in the fund of $3,000 was in the plaintiff to the extent shown by an accounting. There was no error in overruling the demurrer. We need not decide whether the bill would also lie under G. L. (Ter. Ed.) c. 214, § 3 (6), granting equitable jurisdiction in suits on accounts which cannot be conveniently settled in an action at law.

The written agreement also provided for the apportionment of certain taxes. The judge found that on this item a small balance was due from the defendant to the plaintiff. Neither party disputes the correctness of this item and that finding is to stand.

The remaining question is the amount of damages to which the plaintiff is entitled, for it is plain that the defendant did not comply with the terms of the agreement in liquidating the accounts receivable. The defendant in the

performance of the work it had undertaken, and acting on its own accord without any consent of the plaintiff, was bound to act fairly and honestly, with good sense and sound judgment, in settling various claims with due regard to the rights of the plaintiff. The judge found that the accounts receivable amounted to $42,854.23 and that the defendant had collected $38,082.38, leaving a balance of $4,771.95 ($4,771.85). The judge, however, found that the plaintiff was entitled to recover the full amount withheld by the defendant. The plaintiff could recover no more than $3,000 if all the accounts receivable were paid in full. The defendant offered evidence showing the circumstances connected with the settlement of various accounts for the purpose of showing that as a practical matter no more could have been collected. We think there was error in the exclusion of this evidence. The burden of proving the existence of a trust was on the plaintiff, and, if shown, the defendant had the burden of showing that it discharged the duties of a trustee with reasonable skill, prudence, and judgment. *Chopelas* v. *Chopelas*, 303 Mass. 33, 35. *Rugo* v. *Rugo*, 325 Mass. 612, 617. It ought to be given an opportunity of showing that the plaintiff did not sustain the damages that the judge found he did. *Woods* v. *Varnum*, 21 Pick. 165. *Chase* v. *Keyes*, 2 Gray, 214. *Slocum* v. *Riley*, 145 Mass. 370. *Hopwood* v. *Smith*, 170 Mass. 428. *Hannaford* v. *Charles River Trust Co.* 248 Mass. 225. *National Non-Theatrical Motion Picture Bureau, Inc.* v. *Old Colony Trust Co.* 270 Mass. 34. *Beacon Trust Co.* v. *Wright*, 288 Mass. 1. *Grower's Marketing Service, Inc.* v. *Webster & Atlas National Bank*, 318 Mass. 496.

The exception to the denial of the defendant's claim for a jury trial has not been argued and must be deemed to have been waived. *Boston* v. *Dolan*, 298 Mass. 346, 355–356. *Drain* v. *Brookline Savings Bank*, 327 Mass. 435, 438.

The finding on the amount due on taxes is to stand, the final decree is reversed, and a new accounting relative to the accounts receivable must be had.

*So ordered.*